d

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| MARCO DAMON DUNCAN,<br>Plaintiff | CIVIL ACTION NO. 1:17-CV-01623 |
| VERSUS | JUDGE DRELL |
| JOSE NUNEZ, ET AL.,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Motion to Recuse (Doc. 23) filed by Plaintiff, Marco Damon Duncan ("Duncan"). In a declaration supporting his Motion, Duncan claims that the undersigned should be recused because: (1) the undersigned recently presided over pretrial matters in a related criminal case which resulted in Duncan's acquittal, Docket No. 1:17-cr-00106-02; (2) because the undersigned has so presided, the undersigned has become biased against Duncan, and; (3) the undersigned has engaged in "dilatory and other oppressive conduct" against Duncan in this case, specifically in denying Duncan appointment of counsel, instructing Duncan to amend his complaint, and in allegedly referring to information related to Duncan's criminal proceeding in rulings herein.

There is no actual or perceived bias against Duncan. And neither the undersigned's rulings nor the undersigned's participation in Duncan's criminal case warrant recusal, as a matter of fact or law. Therefore, Duncan's motion should be denied in all respects.

I.      Background

In this case, Duncan alleges, in part, that he was subjected to excessive force following a January 13, 2017 confrontation with a correctional officer at the United States Penitentiary in Pollock, Louisiana ("USP-Pollock").  Duncan originally filed suit on December 11, 2017.  (Doc. 1).  Duncan's original complaint was deficient, as it was not submitted on approved forms.  Accordingly, Duncan was instructed to amend his complaint to correct that deficiency.  (Doc. 7).  He did so.  (Doc. 8).

In February 2018, the undersigned ordered Duncan to amend his complaint to clarify his allegations in several respects.  (Docs. 14, 15).  Duncan filed his amended complaint on March 5, 2018.  (Doc. 20).  Eight days later, Duncan submitted a letter requesting expedited service of process.   (Doc. 21).   On March 15, 2018, the undersigned denied that request as premature, noting that the Amended Complaint was under initial review.  Apart from the pending Motion to Recuse, and a recent ruling denying a "Motion to Expedite Initial Screening" (Docs. 29, 30), no other substantive rulings have been made in this case.

Meanwhile, Duncan was also facing charges in a criminal proceeding which arose from the January 13, 2017 confrontation.  (Docket No. 1:17-cr-00106).  Duncan and his co-defendant Charles Lee White ("White") were each charged with attempted first degree murder of a federal employee under 18 U.S.C. § 1114.  In the criminal matter, the undersigned presided at Duncan's initial appearance and arraignment (Doc. 19); granted Duncan's Motion for Bill of Particulars (Doc. 34); and heard a motion to suppress (Doc. 90) filed by Duncan (Doc. 103).

The hearing on Duncan's motion to suppress took place on March 20, 2018. During the hearing, the undersigned watched a video of an alleged assault committed by Duncan and White on January 13, 2017, and received documentary evidence, including a photograph. The undersigned also heard testimony from two law enforcement officers regarding the assault, including Correctional Officer Durrell Cottongin ("Officer Cottongin"). Officer Cottongin escorted Duncan away from the scene of the assault. Officer Cottongin testified that Duncan bragged about the assault during escort. Duncan sought to suppress that statement. Because Duncan was not subjected to a "custodial interrogation" before making the statement, the undersigned recommended that Duncan's motion to suppress be denied. (Doc. 103).

At trial, the jury acquitted both White and Duncan on the charges of attempted first degree murder. White was convicted of attempted second degree murder. Duncan, however, was also acquitted of all lesser included offenses. Duncan moved for the undersigned's recusal approximately three weeks after his acquittal.

## II.    Law and Analysis

Under 28 U.S.C. § 144, "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." The affidavit must "state the facts and the reasons for the belief that bias or prejudice exists." Id. To be legally sufficient, an affidavit must contain facts which are: (1) "material and stated with particularity";

3

(2) "such that, if true they would convince a reasonable person that a bias exists"; and

(3) sufficient to "show the bias is personal, as opposed to judicial, in nature." Parrish

v. Board of Commissioners of Alabama State Bar, 524 F.2d 98, 100 (5th Cir. 1975)

(En banc ), Cert. denied, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976). Further,

"w[]hile the trial judge may not pass upon the truthfulness of the affidavit's

allegations, he must determine whether the facts set out in the affidavit are legally

sufficient to require recusal." Id.

Likewise, under 28 U.S.C. § 455(a), a "magistrate judge of the United States

shall disqualify himself in any proceeding in which his impartiality might reasonably

be questioned." Further, "[h]e shall also disqualify himself . . . [w]here he has a

personal bias or prejudice concerning a party, or personal knowledge of disputed

evidentiary facts concerning the proceeding." Id. § 455(b)(1). "The determination

under Section 455(a) is objective, 'so that what matters is not the reality of bias or

prejudice but its appearance.'" United States v. Malray, CR 17-00103, 2017 WL

3687903, at *3 (W.D. La. Aug. 25, 2017) (quoting Liljeberg v. Health Servs.

Acquisition Corp., 486 U.S. 847, 108 S.Ct. 2194 (1988)). However, "[t]his objective

standard is established with reference to 'the well-informed, thoughtful and objective

observer, rather than the hypersensitive, cynical, and suspicious person.'" Malray,

CR 17-00103, 2017 WL 3687903, at *3 (quoting Andrade v. Chojnacki, 338 F.3d 448,

454-455 (5th Cir. 2003)).

First, it should be noted that the undersigned has not issued any substantive

rulings in this case since presiding at the hearing on Duncan's motion to suppress on

March 20, 2018. To whatever extent Duncan claims the undersigned has already ruled against him, or otherwise displayed bias against him, as a result of evidence in Duncan's criminal case, that argument is not evidenced in the record. No such rulings, or evidence of bias or the appearance of bias, exists.

Second, the evidence and testimony adduced at the hearing on Duncan's motion to suppress did not apply directly to Duncan's claims in this case. Duncan's claims here relate to events that followed the events underlying his criminal trial. Neither the video nor the additional evidence presented at the hearing directly addressed Duncan's claims here, at least not in any significant detail.

Nonetheless, Duncan prospectively seeks recusal because the undersigned presided over pretrial matters in the related criminal case. Duncan claims the undersigned "viewed video evidence that in large part formed the basis of plaintiff's criminal case and heard sworn testimony from [Officer Cottongin], who is named as a defendant in the instant" case. (Doc. 23-1, p. 2). According to Duncan, this evidence "could well have caused [the undersigned] to form definite opinions about [Duncan's] allegations of excessive force and abuse contained in the complaint." (Id.).

 "As a general rule, for purposes of recusal, 'a judge's '[p]ersonal' knowledge of evidentiary facts means 'extrajudicial,' so '[f]acts learned by a judge in his or her judicial capacity regarding the parties before the court, whether learned in the same or a related proceeding, cannot be the basis for disqualification.'" Conkling v. Turner, 138 F.3d 577, 592 (5th Cir. 1998) (quoting Lac Du Flambeau Indians v. Stop Treaty Abuse–Wis., 991 F.2d 1249, 1255–56 (7th Cir. 1993); see Ford v. British Petroleum,

5

PLC, CIV.A. 15-1726, 2015 WL 5599044, at *9 (E.D. La. Sept. 22, 2015).[1]  The Fifth

Circuit routinely rejects motions to recuse when presiding judges have been exposed

to evidence in court proceedings.  See, e.g., United States v. Reagan, 725 F.3d 471,

490–91 (5th Cir. 2013) ("Because any knowledge the judge may have had about Fisher

was garnered in her judicial capacity, disqualification was not required by § 455 . . .

."); Brown v. Oil States Skagit Smatco, 664 F.3d 71, 81 (5th Cir. 2011) ("The only facts

that the magistrate judge knew about Wilson's conduct were learned from judicial

proceedings in the instant case and in previous cases.");  Henderson v. Bank United,

244 F.3d 138 (5th Cir. 2000) (denying a motion for recusal where the judge obtained

knowledge of the plaintiff's "criminal conduct from a related criminal case," because

"opinions formed by a judge based on events occurring during ongoing proceedings

are insufficient bases for recusal unless they display a deep-seated favoritism or

antagonism that would make fair judgment impossible") (internal citation and

quotation omitted).

The exception to this general rule may arise where a judge's preconceptions

"'display a deep-seated favoritism or antagonism that would make fair judgment

impossible.'" Conkling, 138 F.3d at 593 (quoting Lac Du Flambeau Indians, 991 F.2d

at 1255).  Absent some evidence of such favoritism or antagonism, however, the

general rule holds, and recusal is unwarranted.  See United States v. Randall, 440

Fed.Appx. 283, 286 (5th Cir. 2011); see also Brown, 664 F.3d at 81 ("Here, there is no

---

[1] "The Supreme Court has held that the 'extrajudicial source' doctrine applies to Section 455(a)" as well.  Malray, 2017 WL 3687903 at *3 (citing Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994)).

6

indication of a deep-seated antagonism on the part of the magistrate judge toward Wilson.").

Here, the undersigned has no personal knowledge of any fact underlying this case learned outside of judicial proceedings. And nothing about the record in this case would indicate "deep-seated favoritism or antagonism" on the undersigned's part. In fact, none exists. The record merely reflects that: (1) Duncan, like many pro se litigants, has been ordered to amend his pleadings to correct deficiencies and to clarify allegations, all to his benefit and in accordance with proper procedure; (2) the Court, as it often must, has denied motions by Duncan seeking expedited rulings and proceedings, and service of process related thereto, which rulings are governed by the necessity of the Court's workload, not bias.

Duncan's remaining arguments all pertain to alleged adverse rulings. Here, the Court's orders to Duncan were actually not "adverse" at all in the traditional sense of that term. And the Court's remaining rulings have been based upon procedural or logistical concerns, not upon the merits of Duncan's claims or any bias toward Duncan.

Even so, to whatever extent the undersigned's rulings have been "adverse" to Duncan, those rulings are not a viable basis for recusal. See Lavergne v. "Dateline" NBC, CIV.A. 6:13-2118, 2014 WL 905848, at *1 (W.D. La. Mar. 7, 2014), aff'd sub nom. Lavergne v. Dateline NBC, 597 Fed.Appx. 760 (5th Cir. 2015) (citing Liteky, 510 U.S. at 555). "Almost invariably, [judicial rulings] are proper grounds for appeal, not for recusal." Liteky, 510 U.S. at 555; accord United States v. Scroggins, 485 F.3d

824, 830 (5th Cir. 2007) ("The facts as stated by Scroggins do not demonstrate bias and impartiality that are personal—as distinguished from judicial—in nature."). "Accordingly, '[a]dverse judicial rulings will support a claim of bias only if they reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible.'" Jones v. GEO Grp. Inc., 17-CV-788, 2018 WL 736102, at *2 (W.D. La. Feb. 5, 2018) (quoting United States v. Scroggins, 485 F.3d 824, 830 (5th Cir. 2007)). Once again, the undersigned's rulings reflect neither extrajudicial information (or information obtained from Duncan's criminal case), nor antagonism toward Duncan in any respect. Recusal is simply unwarranted.

III.    Conclusion

For the foregoing reasons,

IT IS ORDERED that the Motion for Recusal (Doc. 23) filed by Plaintiff Marco Damon Duncan be and is hereby DENIED.

THUS DONE AND SIGNED in Alexandria, Louisiana, this 19th day of July, 2018.

_____

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE