UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

MARCO DUNCAN　　　　　　　　　　NO. 17-CV-1623
　Plaintiff

VS.　　　　　　　　　　　　　　　　JUDGE DRELL

JOSE NUNEZ, ET AL.　　　　　　　　MAG. JUDGE PEREZ-MONTES

## PLAINTIFF'S FOURTH REQUEST FOR ADMISSIONS

Pursuant to Rule 36, Fed. R. Civ. P., Plaintiff requests the defendants to make the following Admissions within 30 days after service of this request.

After exercising due diligence to secure information, if Defendants are unable to admit or deny any or all of the following Admission Requests, in part or whole, Defendants are required under Fed. R. Civ. P. 36(a)(4)-(5) to explain their inability to admit or deny in part or whole, while nevertheless admitting or denying to the extent possible.

1) Please admit that there was a surveillance camera located directly above, and within 12 feet of the physical altercation that occurred inside of the B-2 Housing Unit at USP-Pollock (USP-P) on January 13, 2017.

2) Please admit that video footage of the altercation mentioned in the above Request for Admission (RFA) #1, which has been provided to the plaintiff, was not a copy of footage of the incident, taken from the video camera closest to the altercation.

3) Please admit that Prison Officials are able to produce copies of video footage produced to the plaintiff, where the images are not obscured by the date/time etc. information, displayed on the video screen.

4) Please admit that more than one surveillance camera located inside of the B-2 housing unit on 1-13-2017, captured the physical altercation that occurred there.

Exhibit A　　　　　　　　　　　　Page 1 of 4

5.) Please admit that defendant Morris failed to document the items that he seized from the plaintiff, immediately following his O.C. Spray decontamination, inside of the R&D area of USP-P on 1-13-2017.

6.) Please admit that there is no written documentation or record detailing who was responsible for cleaning blood from the floor of the R&D area of USP-P on 1-13-2017.

7.) Please admit that the three (3) officers who transported the plaintiff to FCI Oakdale on 1-13-2017, did not document in any memorandum that they had in fact transported the plaintiff.

8.) Please admit that defendant Morris was present in the transport van directly behind the plaintiff's at FCI Oakdale on 1-13-2017, as the plaintiff was escorted out of the van and into the Oakdale facility.

9.) Please admit that defendant Morris knows the identity of the 3 officers whom transported the plaintiff to Oakdale on 1-13-2017

10.) Please admit that BOP Policy requires employees to inventory and document an inmates personal property whenever it is taken into custody by staff, due to the inmate being transferred

11.) Please admit that the plaintiff's personal property removed from his cell by USP-P employee(s) on 1-13-2017, was not documented on a Inmate Personal Property Record, the day that it was taken into custody by USP-P staff.

12.) Please admit that the attached document marked as Exhibit A, falsely details that the photo was taken in the Lt's Office.

13.) Please admit that Exhibit A, falsely represents that the time of the photograph was 10:05 am.

14.) Please admit that the photograph depicted in Exhibit A was not taken in the Lt's Office or the B-2 housing unit.

15.) Please admit that video surveillance cameras located inside of the R&D area of USP-P on 1-13-2017, would have been capable of capturing video footage of areas around or near the officers station and processing area inside of R&D.

16.) Please admit that there was a video surveillance camera located inside of the R&D holding cell, where the plaintiffs medical assessment was conducted at USP-P on 1-13-2017.

17.) Please admit that on 1-13-2017 video surveillance footage from the R&D area of USP-P did in fact exist.

18.) Please admit that video surveillance footage from the R&D area of USP-P on 1-13-2017, could have been transferred to a hard drive for preservation if staff had wanted it preserved.

19.) Please admit that a BOP employee cleaned up blood from the floor of the R&D area of USP-P on 1-13-2017.

20.) Please admit that BOP employees J. Corley, J. Whistine, and T. Winegeart each failed to document in any report or memorandum, that they were present in the R&D holding cell during the plaintiffs medical assessment at USP-P on 1-13-2017.

21.) Please admit that Captain Bartlett, Lt. M. Laidler, and S.I.S M. Pierce where each present in the R&D area of USP-P on 1-13-2017, at some point while the plaintiff was there.

22.) Please admit that the employees named in the above RFA #21, did not document their presence in the R&D area on 1-13-2019.

23.) Please admit that the attached document marked as Exhibit B indicates that a MRI of the plaintiff's right knee, found a tear in the knee.

24.) Please admit that on 1-13-2017, USP-P Investigative Staff did not investigate the plaintiff's allegations of being beaten while handcuffed.

25.) Please admit that when an inmate reports being physically beaten by BOP employees, BOP Policy requires that the allegations be investigated.

26.) Please admit that USP-P is required to make records documenting the specific names of BOP employees responsible for transporting an inmate away from the prison in an emergency situation.

27.) Please admit that neither Officers R. Steedley or E. Farmer has stated in any report or memorandum that they were responsible for the injuries to the plaintiff's face on 1-13-2017.

28.) Please admit that Officer R. Steedley has not testified under oath that he caused injuries to the plaintiff's eyes or face on 1-13-2017.

29.) Please admit that Officer R. Steedley has never testified under oath, or documented in any memorandum or report, that he observed injuries of any kind to the plaintiff's face or eyes on 1-13-2017.

Signed this 24th day of July, 2019.

MARCO DUNCAN
3679-048

Page 4 of 4

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2019 at Florence, Colorado, a copy of the above was sent to:

Cristina Walker
U.S. Attorneys Office
300 Fannin St., Suite 3201
Shreveport, LA. 71101-3068

by placing said in the prison mailbox with proper postage affixed.

MARCO DUNCAN
37679-048
US Penitentiary MAX
P.O. Box 8500
Florence, CO. 81226