UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARCO DAMON DUNCAN, Plaintiff | CIVIL DOCKET NO. 1:17-CV-1623-P |
| VERSUS | JUDGE DRELL |
| JOSE NUNEZ, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Motion for Court Order Prohibiting Prison Officials from Interfering or Obstructing Litigation (Doc. 173) filed by *pro se* Plaintiff Marco Damon Duncan ("Duncan") (#37679-048). Duncan alleges that Defendants are interfering with or obstructing this litigation by failing to provide him with a video and by interfering with his legal mail. (Doc. 173).

Because Duncan has viewed the specific video surveillance footage at issue and presents only conclusory allegations regarding his mail, the Motion (Doc. 173) will be DENIED.

I.  Background

Duncan initiated this litigation pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1] (Docs. 1, 16, 20) alleging that he was subjected to excessive force when he was incarcerated at the United States Penitentiary in

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

Pollock, Louisiana. In Duncan's Motion before the Court (Doc. 173), Duncan claims that Defendants have prevented him from viewing "specific video surveillance footage." (Doc. 173, p. 1). Duncan also alleges that Defendants have interfered with the delivery and receipt of his mail by holding "his mail from the Court in excess of two weeks or more on a regular basis contrary to prison policy." (Doc. 173, p. 2).

II. <u>**Law and Analysis**</u>

In his Motion, Duncan alleges that he has not viewed "video surveillance footage of the long version video and email video from January 13, 2017." (Doc. 173-1, p. 1). Duncan further provides that: "Plaintiff was unable to view the DVD due to the fact that the substitute Counselor did not have the passcode to unlock the DVD for viewing." (Doc. 173-1, p. 2).

In response to Duncan's motion, Defendants allege that, "because of an issue with passwords and encryption, there was a delay in viewing certain videos. As of August 28, 2019, the plaintiff has had an opportunity to view all videos that federal defendants provided." (Doc. 185, p. 1). Since Duncan has now reviewed the specific videos at issue, his request is MOOT.[2]

Duncan's allegation that his mail is intentionally being delayed or withheld by Defendants is belied by the voluminous record in this case. For example, Defendants' response to the Motion before the Court (Doc. 185) was mailed to Duncan on September 3, 2019. (Doc. 185, p. 3). The Court received a reply to the response from

---

[2] In a reply to Defendants' response, Duncan attempts to add a claim that, although he has now seen the videos, he has not received a CD of photographs. This CD was not a part of the Motion (Doc. 173), which pertained to videos only. Thus, the issue of the CD is not before the Court here.

2

Duncan on September 16, 2019. (Doc. 201). Thus, a document from Defendants was mailed to Duncan, received by Duncan, and a response from Duncan received by the Court all within 13 days. Additionally, Defendants filed a Motion to Dismiss, which was mailed to Duncan on September 27, 2019 (Doc. 211, p. 3). In his Motion for Extension of Time to respond, Duncan states that he received Defendants' Motion to Dismiss on October 1, 2019—just four days after it was mailed.

Moreover, Duncan's allegation that prison officials are holding Duncan's mail is conclusory and unsupported by evidence. See, e.g., Damm v. Cooper, 288 F. App'x 130, 132 (5th Cir. 2008) (conclusional statements and documents showing that some of Plaintiff's mail was sent from the prison but was not received by the addressees do not establish that Defendants actually interfered with outgoing mail); McCann v. Winn Corr. Ctr., 1:09-CV-2232, 2010 WL 2710402, at *4 (W.D. La. May 24, 2010), report and recommendation adopted, 2010 WL 2755092 (W.D. La. July 6, 2010) (conclusory and self-serving allegations concerning interference with the mail unsupported by the record).

## III. Conclusion

Because Duncan's claim regarding the surveillance videos is moot and Duncan presents only conclusory allegations regarding his mail, IT IS ORDERED that Duncan's Motion for Court Order Prohibiting Prison Officials from Interfering or Obstructing Litigation (Doc. 173) is DENIED.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 17th day of October 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE