UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARCO DAMON DUNCAN, Plaintiff | CIVIL DOCKET NO. 1:17-CV-1623-P |
| VERSUS | JUDGE DRELL |
| JOSE NUNEZ, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Motion to Clarify What More is Required to Complete Service of Process on Defendant Joel Alexandre (Doc. 214) filed by *pro se* Plaintiff Marco Damon Duncan ("Duncan") (#37679-048). Duncan seeks assistance in effecting service of process on Defendant Joel Alexandre.

Because Duncan has the responsibility to provide an address for service of process, and the Court and Defendants have provided all the assistance allowed or required, the Motion to Clarify What More is Required for Service of Process (Doc. 214) will be DENIED.

I.  Background

Duncan initiated this litigation pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1] (Docs. 1, 16, 20) alleging that he was subjected to excessive force when he was incarcerated at the United States Penitentiary in

---

[1]In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

Pollock, Louisiana ("USP-Pollock"). (Doc. 1). A Waiver of the Service of Summons Form was signed by Defendants Durrell Cottongin, Jose Nunez, M. Bordelon, and Chad Morris, all employees at the USP-P. (Doc. 50). The waiver was returned unexecuted as to Defendants Joel Alexandre—with a notation that he retired, Dedrick Shavers—with a notation that he was working in Beaumont, Texas, and Benjamin Valle—with a notation that he was working in Florence, Colorado. (Doc. 5, pp. 9-14).

The Court conducted a telephone conference, at which Defendants were ordered to "[f]ile under seal the last known address for any Defendants who will not waive service or who are no longer employed by the Bureau of Prisons." (Doc. 89). In compliance, Defendants provided that Defendant Dedrick Shavers would waive service and that Defendant Benjamin Valle was deceased. (Doc. 92). Defendant Shavers answered the Complaint on April 9, 2019 (Doc. 95), and Defendant Valle was dismissed from the suit (Doc. 99).

Defendants provided the last known address of Defendant Alexandre. (Doc. 91). A summons was reissued for service on Defendant Alexandre at his last known address, and service was attempted by the United States Marshal Service. (Doc. 142). The Marshal was informed by the resident that Defendant Alexandre lived in Florida, but the resident could not provide a current address. (Doc. 142).

II. Law and Analysis

It is the responsibility of a plaintiff—even one preceding *pro se*—to locate the defendants and submit their addresses to the court for service of process. See

Martinez Ramirez v. Rockwell, 5:19-CV-0592, 2019 WL 4889736, at *2 (W.D. Tex. Oct. 3, 2019); Williams v. Indio Mgmt. Co., 3:19-CV-519, 2019 WL 2807455, at *1 (N.D. Tex. June 6, 2019), report and recommendation adopted, 2019 WL 2772527 (N.D. Tex. July 2, 2019); Clark v. ASC Mortgage, 3:14-CV-4236, 2015 WL 3632562, at *1 (N.D. Tex. June 10, 2015); Boyer v. Taylor, Civil Action No. 06–694, 2009 WL 2338173, at *11 (D. Del. July 30, 2009) (district court has no duty to assist a plaintiff in locating a defendant's address for service of process). It is not the clerk's office or court's responsibility to research and supply this information. Styles v. McDonalds Rest., 4:17-CV-791, 2019 WL 2266636, at *4 (E.D. Tex. Jan. 28, 2019), report and recommendation adopted, 2019 WL 1219117 (E.D. Tex. Mar. 15, 2019).

Nonetheless, this Court has assisted Duncan by ordering Defendants to provide the last known address of Defendant Alexandre. (Doc. 89). Defendant Alexandre did not reside at the last known address and could not be served. (Doc. 142). There is no further assistance that the Court can provide, or that Defendants must provide, to Duncan in obtaining Defendant Alexandre's address.

III. Conclusion

Because Duncan has the responsibility to provide an address for service of process, and the Court and Defendants have provided all the assistance allowed or required, IT IS ORDERED that the Motion to Clarify What More is Required for Service of Process (Doc. 214) is DENIED.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 17th day of October 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE