UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARCO DAMON DUNCAN,<br>Plaintiff | CIVIL DOCKET NO. 1:17-CV-1623-P |
| VERSUS | JUDGE DRELL |
| JOSE NUNEZ, *ET AL.*,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Motion to Terminate or Limit Deposition (Doc. 175) filed by *pro se* Plaintiff Marco Damon Duncan ("Duncan") (#37679-048). Duncan is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the United States Penitentiary in Florence, Colorado.

Because the Motion (Doc. 175) is untimely and meritless, it will be DENIED.

I.  Background

Duncan initiated this litigation pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1] (Docs. 1, 16, 20) alleging that he was subjected to excessive force when he was incarcerated at the United States Penitentiary in Pollock, Louisiana.

In this Motion (Doc. 175), Duncan claims that Defendants deposed him without notice and "attempted to enter altered video footage into the record as an Exhibit."

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

(Doc. 175-1, p. 1). Duncan seeks to "terminate or limit" the deposition under Federal Rule of Civil Procedure Rule 30(d)(3).

II. <u>Law and Analysis</u>

Federal Rule of Civil Procedure Rule 30(d)(3)(A) provides: "At any time during a deposition, the deponent or a party may move to terminate or limit it on the ground that it being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. P. 30(d)(3). Rule 30(d)(3) is used to terminate or limit depositions that are taking place, and the motion must be made during the deposition. <u>See</u> <u>Brown v. Praxair, Inc.</u>, 17-CV-384, 2018 WL 5116499, at *4 n.1 (M.D. La. Oct. 19, 2018); <u>Murillo Modular Grp., Ltd. v. Sullivan</u>, 3:13-CV-3020, 2016 WL 6139096, at *6 (N.D. Tex. Oct. 20, 2016) (Rule 30(d)(3) requires the motion be made during the deposition); Fed. R. Civ. P. 30(d)(3)(A). Because the deposition has concluded, Duncan's Motion (Doc. 175) is untimely.

Additionally, Duncan's objection to the video exhibit was noted during the deposition. "An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection." See Fed. R. Civ. P. 30(c)(2).

Further, Duncan's objection to the lack of notice of deposition is untimely, as he has already submitted to the deposition. And, the objection is improperly raised under Rule 30, which does not apply to a deposition notice.

## III. Conclusion

Because Duncan's Motion to Terminate or Limit Deposition (Doc. 175) is untimely and meritless, IT IS ORDERED that the Motion (Doc. 175) is DENIED.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 23rd day of October 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE