a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARCO DAMON DUNCAN, Plaintiff | CIVIL DOCKET NO. 1:17-CV-1623-P |
| VERSUS | JUDGE DRELL |
| JOSE NUNEZ, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a Motion for Court Order Directing Defendants to Certify Under Oath and Sign Their Interrogatory Responses (Doc. 187) filed by *pro se* Plaintiff Marco Damon Duncan ("Duncan") (#37679-048). Duncan is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the United States Penitentiary in Florence, Colorado.

Because Defendants must comply with Rule 33, the Motion (Doc. 187) will be GRANTED.

I. Background

Duncan initiated this litigation pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1] (Docs. 1, 16, 20) alleging that he was subjected to excessive force when he was incarcerated at the United States Penitentiary in Pollock, Louisiana.

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

In this Motion (Doc. 187), Duncan claims that Defendants have submitted interrogatory responses that were not signed by Defendants under oath. (Doc. 187). Duncan asks that each Defendant be ordered to sign any interrogatory responses that have been submitted in the case.

II. <u>Law and Analysis</u>

Under Rule 33 of the Federal Rules of Civil Procedure, "interrogatories must be answered by the party to whom they are directed." Fed. R. Civ. P. 33(b)(1)(A). "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Further, Rule 33(b)(5) requires that "[t]he person who makes the answers must sign them." Fed. R. Civ. P. 33(b)(5).

"Courts have construed the Rule 33 signing requirement rigidly." <u>Leleux-Thubron v. Iberia Par. Gov't</u>, 6:13-CV-00852, 2015 WL 5519231, at *3 (W.D. La. Sept. 16, 2015) (citing <u>Entergy Louisiana, Inc. v. National Union Fire Insurance Co.</u>, 1999 WL 239511, at *2 (E.D. La. Apr.21, 1999) (finding that under Rule 33(b)(5), the party must sign interrogatories under oath) and <u>Swank v. Scottsdale Insurance Co.</u>, 2011 WL 1044625, at *3 (W.D. La. Mar.21, 2011) (same)); <u>see also</u> <u>Michael L. McGinley, et al. v. Luv N' Care, Ltd., et al.</u>, 17-CV-0821, 2018 WL 9814348, at *2 (W.D. La. Sept. 10, 2018). This is one of the few exceptions to the general principle under the Federal Rules of Civil Procedure that the attorney may sign all pleadings and papers. <u>See</u> C. Wright, A. Miller, R. Marcus, 8A Federal Practice and Procedure §§ 2172 and 2177 (West 1994).

Duncan did not provide evidence of Defendants' failure to comply with Rule 33. However, in their Response to Duncan's Motion, Defendants state: "Federal Defendants are supplementing and/or amending the interrogatories to ensure that Federal Rule of Civil Procedure 33(b) is followed." (Doc. 218). Therefore, it appears that Defendants concede their failure to comply with Rule 33(b).

### III. Conclusion

Because Defendants must comply with Rule 33, IT IS ORDERED that the Motion (Doc. 187) is GRANTED and, within 21 days from the date of this Order, Defendants shall review their answers to Duncan's interrogatories and provide Duncan with the requisite verifications and signatures under oath for all interrogatory answers.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 23rd day of October 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE