c
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARCO DAMON DUNCAN, Plaintiff | CIVIL DOCKET NO. 1:17-CV-1623-P |
| VERSUS | JUDGE DRELL |
| JOSE NUNEZ, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Motion for Contempt (Doc. 177) filed by *pro se* Plaintiff Marco Damon Duncan ("Duncan") (#37679-048). Duncan is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the United States Penitentiary in Florence, Colorado.

Because Defendants have produced the supplemental discovery responses ordered by the Court, Duncan's Motion for Contempt (Doc. 177) is DENIED AS MOOT.

I.  Background

Duncan initiated this litigation pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1] (Docs. 1, 16, 20) alleging that he was subjected to excessive force when he was incarcerated at the United States Penitentiary in Pollock, Louisiana.

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

Duncan previously filed a Motion to Compel or Show Cause (Doc. 102) arguing that Defendants failed to comply with the Court's March 19, 2019 minute entry order (Doc. 89) regarding discovery. Specifically, Duncan alleged video he was allowed to view did not contain the specific video footage from January 13, 2017 detailed in his discovery request. (Doc. 102). Duncan sought to compel the specific video requested and the name of the John Doe defendant requested in discovery. Id. A hearing was conducted on July 8, 2019, at which the Court denied in part and granted in part Duncan's Motion. Defendants were ordered to "produce the transportation video from FCI Oakdale, and any other video from either Oakdale or Pollock on January 13, 2017, that includes Duncan, OR shall certify in a sworn discovery response that no such video exists." (Doc. 164).

Duncan now seeks to hold Defendants in contempt of this Court's Order (Doc. 164) for failing to produce "original copies of the videotape footage from the B-2 housing unit on January 13, 2017, specifically the long version of the video footage showing the incident that occurred there and the plaintiff's email video." (Doc. 177). Duncan further asserts Defendants fails to state or certify that no such video exists. Id.

II. Law and Analysis

Federal Rule of Civil Procedure 37(b)(2) provides that when "a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders."

Fed. R. Civ. P. 37(b)(2)(A). A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order. Travelhost, Inc. v. Blandford, 68 F.3d 958, 961 (5th Cir. 1995). Contempt is committed only if a person violated a court order requiring in specific and definite language that a person do or refrain from doing an act. Martin v. Trinity Industries, Inc., 959 F.2d 45, 47 (5th Cir. 1992).

"A movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence (1) that a court order was in effect, (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court's order." Test Masters Educational Services, Inc. v. Singh, 428 F.3d 559, 581-82 (5th Cir. 2005). The evidence must be "'so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case.'" Id. at 582 (quoting Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries, 177 F.3d 380, 383 (5th Cir. 1999)).

Duncan seeks to hold Defendants in contempt of the Court's Order (Doc. 164) to produce video surrounding the January 13, 2017 incident that includes Duncan, or a certification that no such video exists. (Doc. 177). However, on July 29, 2019, Defendants issued supplemental discovery to Duncan in compliance with this Court's Order. (Doc. 178-1, pp. 1-2). Defendants' supplemental discovery responses stated:

> 11. Please produce original copies of any and all videotape footage that show the plaintiff either before, during, or after he was medically assessed inside of the holding cell located in the R&D area of USP Pollock on January 13, 2017.

RESPONSE: All videos have been produced.

SUPPLEMENTAL RESPONSE: The video of the medical assessment has been provided. Reasonable inquiries have been made for further videotape footage, and there is no further videotape footage than that already provided to the plaintiff in the possession, custody or control of the defendants. At this time there is no other videotape footage of the plaintiff inside of the holding cell located in the R&D area of USP Pollock on January 13, 2017, either before, during, or after he was medically assessed.

16. Please produce original copies of any and all videotape footage that show the plaintiff being removed from the transportation van at FCI Oakdale, and escorted to the shower area located in the FCI Oakdale SHU, on January 13, 2017.

RESPONSE: All videotapes have been produced.

SUPPLEMENTAL RESPONSE: Reasonable inquiries at FCI Oakdale and FCI Pollock have been made for the further videotape footage. There is no further videotape footage than that already provided to the plaintiff in the possession, custody, or control of the defendants. AT this time there exists not[sic] video footage that shows the plaintiff being removed from the transportation van at FCI Oakdale, and escorted to the shower area located in the FCU Oakdale SHU, on January 13, 2017.

(Doc. 178-1). Defendants' supplemental discovery responses included a statement that the responses are true and correct subject to the penalty of perjury under 28 U.S.C. § 1746. (Doc. 178-1, p. 2).

Additionally, Defendants respond that Duncan's Motion is moot because as of August 28, 2019, Duncan had the opportunity to view all the videos that Defendants provided, including the video which Duncan describes as the "long version of the video footage" of the assault on Bureau of Prisons employees and the video of Duncan sending an email. (Doc. 192). Defendants state that Duncan was able to view these videos for over an hour and take notes. Id. Defendants note that Duncan was given

4

the opportunity to view the videos at the time of his deposition on August 13, 2019 but refused.

The record reflects Defendants have complied with this Court's Order (Doc. 164) and that Duncan's Motion (Doc. 177) is now moot.

## III. Conclusion

Because Defendants have produced the supplemental discovery responses ordered by the Court, Duncan's Motion for Contempt (Doc. 177) is DENIED AS MOOT.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 5th day of November 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE