c
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARCO DAMON DUNCAN, Plaintiff | CIVIL DOCKET NO. 1:17-CV-1623-P |
| VERSUS | JUDGE DRELL |
| JOSE NUNEZ, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Motion for Sanctions for Discovery Abuse (Doc. 202) filed by *pro se* Plaintiff Marco Damon Duncan ("Duncan") (#37679-048). Duncan is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the United States Penitentiary in Florence, Colorado.

Because there is no evidence that Defendants have abused the discovery process or that inconsistencies in response to discovery were willfully or intentionally false or misleading, Duncan's Motion for Sanctions for Discovery Abuse (Doc. 202) is DENIED.

I.  Background

Duncan initiated this litigation pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1] (Docs. 1, 16, 20) alleging that he was subjected to

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

excessive force when he was incarcerated at the United States Penitentiary in Pollock, Louisiana.

Duncan seeks sanctions under Fed. R. Civ. P. 37(c), 28 U.S.C. § 1927, and the Court's inherent authority, for Defendants' alleged failure to truthfully answer Duncan's discovery requests. (Doc. 202, pp. 1-3). Specifically, Duncan contends Defendants responded to initial discovery with allegedly false statements which were later corrected after Duncan was forced to file repeated discovery requests. (Doc. 202, p. 3).

II. <u>Law and Analysis</u>

As with Rule 26(a)(1) initial disclosures, parties and their attorneys have a duty to timely supplement or correct answers to discovery if they learn "that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Additionally, for the purposes of Rule 37(a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose or respond. Fed. R. Civ. P. 37(a)(4).

Answers to interrogatories must be in writing, under oath, and signed by the person answering them. Fed. R. Civ. P. 33(b). In addition, Rule 26(g)(1) requires that "[e]very disclosure . . . and every discovery response . . . be signed by at least one attorney of record . . . or by the party personally, if unrepresented." Fed. R. Civ. P. 26(g)(1). By signing, an attorney certifies – to the best of the attorney's knowledge,

information, and belief formed after a reasonable inquiry – that a discovery response is "consistent with these rules and warranted by existing law or by a nonfrivolous argument . . ., not interposed for any improper purpose." Fed. R. Civ. P. 26(g)(1)(B). "If a certification violates [Rule 26(g)] without substantial justification, the court . . . must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both." Fed. R. Civ. P. 26(g)(3). Likewise, a party is subject to sanctions under Rule 37(c)(1) if the "party fails to provide information or identify a witness as required by Rule 26(a) or (e), . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

> Section 1927 states:
>
> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. To award sanctions under § 1927, the court must find the sanctioned attorney both "unreasonably" and "vexatiously" multiplied the proceedings. See F.D.I.C. v. Calhoun, 34 F.3d 1291, 1297 (5th Cir. 1994). To satisfy this burden, a court must have "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." Procter & Gamble Co. v. Amway Corp., 280 F.3d 519, 525 (5th Cir. 2002). This standard, which "focuses on the conduct of the litigation and not on the merits," requires "clear and convincing evidence 'that every facet of the litigation was patently meritless.'" Bryant v. Military Dep't of Miss., 597 F.3d 678, 694 (5th Cir. 2010) (quoting Procter & Gamble Co., 280 F.3d at 526).

3

Furthermore, sanctions under § 1927 are punitive in nature, and courts have strictly construed § 1927 so as not to dampen "the legitimate zeal of an attorney in representing her client." Browning v. Kramer, 931 F.2d 340, 344 (5th Cir. 1991).

Duncan asserts a Second Set of Interrogatories were propounded on Defendant Morris on May 1, 2019. (Doc. 202-1, p. 1). Duncan contends Morris's June 12, 2019 response to Interrogatory No. 7 provided a false statement, as shown by Defendants' Admissions to Duncan's Fourth Request for Admissions Nos. 7-9. (Doc. 202-1, p.1; Doc. 202-2, pp. 1-6).

Specifically, Morris's initial response to Duncan's Interrogatory No. 7 was that Morris "was not involved in transporting the Plaintiff to Oakdale and thus, do[sic] not have a personal recollection of the individuals transporting Plaintiff to Oakdale." (Doc. 202-2, p. 1). Morris's responses to Duncan's Fourth Request for Admissions Nos. 7-9 (Doc. 202-2, pp. 1-6) were as follows:

> Request 7: Please admit that the three (3) Officers who transported the plaintiff to FCI Oakdale on 1-13-2017, did not document in any memorandum that they had in fact transported the plaintiff.
>
> Response: Admitted.
>
> Request 8: Please admit that defendant Morris was present in the transport van directly behind the plaintiff's, at FCI Oakdale on 1-13-2017, as the plaintiff was escorted out of the van and into the Oakdale facility.
>
> Response: Objection. This request is vague and a compound question. Defendants cannot determine if Plaintiff is asserting the Lt. Morris was sitting directly behind him in the transport van or if Plaintiff is asserting that Lt. Morris was in another vehicle. Subject to the objection, defendant Morris admits he was one of the team of staff members that transported Plaintiff to FCI Oakdale.

4

> Request 9: Please admit that defendant Morris knows the identity of the three officers whom transported the plaintiff to Oakdale on 1-13-19[sic].
>
> Response: It is admitted that Lt. Morris can find out the name of the transporting officers.

(Doc. 202-2, pp. 3-4).

Duncan further asserts a First Set of Interrogatories were propounded on Defendant Nunez on March 18, 2019, to which he responded on April 16, 2019. (Doc. 202, p. 2, 8). Duncan alleges Nunez's responses were false, as demonstrated by Defendants' response to Duncan's Third Request for Admissions No. 22. (Doc. 202, p. 2, 9). Specifically, Nunez's response to Request 8 stated that he "was not inside the holding cell in R&D while Plaintiff was being [m]edically assessed by Defendant Bordelon on January 13, 2017." (Doc. 202-2, p. 8). Nunez's response to Duncan's Third Request for Admissions No. 22 stated:

> Request for Admission 22: Please admit that defendant Morris observed defendant Nunez inside of the holding cell at USP-P on 1-13-2017, while the plaintiff[sic] medical assessment was being conducted.
>
> Response to Request for Admission 22: Admitted.

(Doc. 202-2, p. 9).

Duncan further contends Defendants' counsel signed and certified that each discovery response was both complete and correct. (Doc. 202, p. 3). Duncan claims he was forced to file repeated discovery requests due to Defendants' failure to truthfully answer discovery requests. (Doc. 202, p. 3). Duncan seeks to sanction Nunez and Morris for giving false and misleading interrogatory responses and certifying those responses in bad faith. (Doc. 202-1, p. 4).

Defendants assert that inconsistencies in responses are not grounds for sanctions and do not violate discovery provisions. (Doc. 216), p. 1). Defendants state that one of the inconsistencies is due to a typographical error in that Morris rode in the van to Oakdale with White – not with Duncan as stated in response to Request 8 of Duncan's Fourth Request for Admissions. (Doc. 216, p. 1). Defendants assert that other documents previously provided to Duncan, such as Morris's statement, shows Morris was in the van with White. (Docs. 216, p. 2; 216-1, p. 1). Morris's statement, dated January 13, 2017, states that Morris "was the Lieutenant in charge for transporting inmate White from USP Pollock to FCC Oakdale." (Doc. 216-1, p. 1). Defendants did not respond to Duncan's contentions regarding Nunez's responses. However, Defendants argue Duncan's motion is harassing and frivolous and should be stricken or dismissed. (Doc. 216, p. 2). The Court has already acknowledged the harassing nature of Duncan's discovery motions and entered a protective order preventing further filing of motions without leave of court. (Doc. 231).

Here, there is no dispute that there were inconsistencies in the above-mentioned discovery responses by Morris and Nunez. However, the record shows Defendants have corrected those deficiencies through supplemental responses and the response to this motion. There is no evidence that such inconsistences warrant the imposition of sanctions against Defendants or Defendants' counsel. Duncan has not been prejudiced by Defendants' responses, as substantial discovery has taken

place and the Court has allowed – and to an extent granted – Duncan's numerous discovery related motions.[2]

Although certainly Defendants should have performed their due diligence in responding to each discovery request, there is no evidence of intentionally false or willfully misleading responses. Rather, Defendants – upon realizing the inconsistencies – made efforts to remedy and supplement their responses.[3] Notably, the Court observes that the substantial discovery and related motion practice on both sides has reasonably caused confusion, particularly with Defendants in responding to Duncan's voluminous discovery requests. Duncan will have every opportunity to disprove or contest Defendants' evidence at trial, and Defendants will be bound by their representations in discovery.

III. Conclusion

Because there is no evidence that Defendants have abused the discovery process or that inconsistencies in response to discovery were willfully or intentionally false or misleading, Duncan's Motion for for Sanctions for Discovery Abuse (Doc. 202) is DENIED.

---

[2] The Court is considering a motion for additional discovery and the Court will bear in mind the need for any potential discovery.

[3] The Court does not take discovery disputes or contradictions lightly. Any time the Court sees contradictory discovery responses, the responses are carefully scrutinized to determine whether they are willful or prejudicial.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 5th day of November 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE