UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARCO DAMON DUNCAN, Plaintiff | CIVIL DOCKET NO. 1:17-CV-1623-P |
| VERSUS | JUDGE DRELL |
| JOSE NUNEZ, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Motion to Determine Sufficiency of Defendants' Supplemental Answers to Plaintiff's Third Request for Admissions (Doc. 181) filed by *pro se* Plaintiff Marco Damon Duncan ("Duncan") (#37679-048). Duncan is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the United States Penitentiary in Florence, Colorado.

Because Defendants' response is partially deficient, Duncan's Motion to Determine Sufficiency of Defendants' Supplemental Answers to Plaintiff's Third Request for Admissions (Doc. 181) is GRANTED IN PART and DENIED IN PART.

I. <u>Background</u>

Duncan initiated this litigation pursuant to <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>[1] (Docs. 1, 16, 20) alleging that he was subjected to

---

[1] In <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

excessive force when he was incarcerated at the United States Penitentiary in Pollock, Louisiana.

Duncan previously filed a Motion to Determine the Sufficiency of Plaintiff's Third Request for Admissions ("RFA") (Doc. 154) arguing that Defendants' responses to certain requests did not comply with Rule 36(a)(4) of the Federal Rules of Civil Procedure. A hearing was conducted on July 8, 2019, at which the Court denied in part and granted in part Duncan's Motion. Defendants were specifically ordered to supplement their responses to RFA 3, 4, 5, 10, and 24. (Doc. 164).

In this Motion (Doc. 181), Duncan claims that Defendants' supplemental responses to RFA 5 and 10 are still insufficient and should be deemed admitted.

II. <u>Law and Analysis</u>

Rule 36 of the Federal Rules of Civil Procedure allows parties to request admissions regarding the truth of any matters within the scope of Rule 26(b)(1), including ultimate facts, as well as applications of law to fact, or opinions about either. Fed. R. Civ. P. 36; <u>see also</u> <u>In re</u> <u>Carney</u>, 258 F.3d 415, 419 (5th Cir. 2001). The scope of Rule 36 "allows litigants to winnow down issues prior to trial and thus focus their energy and resources on disputed matters." <u>In re</u> <u>Carney</u>, 258 F.3d at 419. However, Rule 36 does not provide for requests for admission regarding pure legal conclusions. <u>Id.</u> (citing <u>Playboy Enterprises, Inc. v. Welles</u>, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999) ("Requests for admissions cannot be used to compel an admission of a conclusion of law.")).

In responding to requests for admission, a party must "specifically deny [them] or state in detail why the answering party cannot truthfully admit or deny." Fed. R. Civ. P. 36(a)(4). "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Id. "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Id.

> RFA 5 states:
>
> Please admit that there were inmates on the prison recreation yard at USP-P on 1-13-2017, while plaintiff was briefly escorted in front of the B-2 housing unit by defendant Shavers and Cottongin.

(Doc. 154-1, p. 2).

> Response to RFA 5 states:
>
> Defendants can neither admit nor deny as they are seeking information regarding the RFA. Defendants will supplement their response when adequate information is obtained to properly respond to the RFA.

(Doc. 154-1, p. 2).

> In its supplemental response to RFA 5, Defendants provided:
>
> Defendants can neither admit nor deny. When the original incident occurred on 1-13-17, around 9:44 a.m., inmates were on the recreation yard. The inmates were ordered to cease movement and get on the ground. The inmates were then recalled to the housing units. There are no recorded times these events occurred. But it is possible inmates were on the recreation yard when plaintiff was briefly escorted in front of the B-2 housing unit.

(Doc. 181-1, p. 2). Duncan contests the veracity of the response. According to Duncan, Defendant Cottongin previously testified at trial that "inmates were on the prison recreation area" at the time in question. (Doc. 223, p. 1).

The Court finds Defendants' response sufficient. The RFA asks Defendants to admit that inmates were on the yard as Duncan was being escorted past a housing unit. Defendants state that they cannot admit or deny whether inmates were on the yard at the exact time Duncan was escorted in front of the housing unit. Although Duncan disputes the truthfulness of Defendants' response, as the Court informed Duncan during a telephone hearing on July 8, 2019, Duncan can produce evidence or testimony at trial to refute Defendants' contention. (Doc. 157).

Duncan also challenges the sufficiency of Defendants response to RFA 10.

RFA 10 states:

Please admit that Officer Latisha Peak did use her O.C. spray inside of the B-2 housing unit at USP-P on 1-13-2017.

(Doc. 154-1, p. 3).

Defendants' initial response provided:

Defendants can neither admit nor deny as they are seeking information regarding the RFA. Defendants will supplement their response when adequate information is obtained to properly respond to the RFA.

(Doc. 154-1, p. 3).

Defendants' supplemental response states:

Defendants can neither admit nor deny as they are unable to contact Officer Peak who is currently assigned to USP Atlanta, Georgia. Officer Peak is out on extended leave.

(Doc. 181-1, p. 2).

Duncan argues that the response is inadequate because the Defendants "clearly have the records to admit RFA #10, and it should therefore be deemed admitted." (Doc. 181, p. 2).

In their response to Duncan's Motion, Defendants argue that, whether Officer Peak used chemical spray is not relevant to the issues for trial, and the request for admission is only being used to harass Defendants. (Doc. 206, p. 2). Nonetheless, Defendants certify that the response cannot be admitted because Officer Peak is on extended leave and unavailable. (Doc. 181-1, p. 2; Doc. 206, p. 2).

Rule 36(a)(4) requires that the answering party make a reasonable inquiry and state "that that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4). "Reasonable inquiry" means an "inquiry of documents and persons readily available and within the responding party's control." Dickie Brennan & Co., Inc. v. Lexington Ins. Co., 09-CV-3866, 2010 WL 11538525, at *5 (E.D. La. Feb. 10, 2010) (citing JZ Buckingham Invs. LLC v. United States, 77 Fed. Cl. 37, 47 (Fed. Cl. 2007) and cases cited therein). "A reasonable inquiry includes both (1) an investigation of officers, administrators, agents and employees who conceivably and realistically may have information that may lead to a necessary and appropriate response, and (2) a review of relevant documents and regulations." Id. (citations omitted).

Defendants' response does not comply with the Federal Rules of Civil Procedure because Defendants do not certify that they have made a reasonable inquiry. Defendants do not explain what, if any, steps have been taken to contact

5

Officer Peak, nor do they address any documents that may establish whether the Officer Peak deployed the spray.

III. Conclusion

Because Defendants' response to RFA 10 is deficient, Duncan's Motion to Determine Sufficiency of Defendants' Supplemental Answers to Plaintiff's Third Request for Admissions (Doc. 181) is GRANTED IN PART and DENIED IN PART. IT IS ORDERED that, within 14 days of the date of this Order, Defendants shall supplement their response to RFA 10 to certify that a reasonable inquiry has, in fact, been made in accordance with Rule 36(a)(4) of the Federal Rules of Civil Procedure. If a reasonable inquiry has not been made, Defendants must make that inquiry and supplement the RFA response within the same time frame.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 7th day of November 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE