UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARCO DAMON DUNCAN, Plaintiff | CIVIL DOCKET NO. 1:17-CV-1623-P |
| VERSUS | JUDGE DRELL |
| JOSE NUNEZ, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Motion to Determine the Sufficiency of Defendants' Responses to Plaintiff's Fourth Request for Admissions (Doc. 188) filed by *pro se* Plaintiff Marco Damon Duncan ("Duncan") (#37679-048). Duncan is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the United States Penitentiary in Florence, Colorado.

Because Defendants' response is partially deficient, Duncan's Motion to Determine Sufficiency of Defendants' Answers to Plaintiff's Fouth Request for Admissions (Doc. 188) is GRANTED IN PART and DENIED IN PART.

I. Background

Duncan initiated this litigation pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1] (Docs. 1, 16, 20) alleging that he was subjected to

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

excessive force when he was incarcerated at the United States Penitentiary in Pollock, Louisiana.

When the Motion was initially filed, Duncan had received no responses to the fourth set of Requests for Admissions ("RFA"). (Doc. 188). After receiving Defendants' responses, Duncan filed a supplement to his motion claiming that the responses to RFA 1 and RFA 2 are evasive and non-responsive; the response to RFA 4 is false; Defendants' objection to RFA 6 is improper and the response inadequate; the responses to RFA 12-14 are improper and non-responsive; and Defendants' objection to RFA 19 is improper and evasive. (Doc. 199).

## II. Law and Analysis

Rule 36 of the Federal Rules of Civil Procedure allows parties to request admissions regarding the truth of any matters within the scope of Rule 26(b)(1), including ultimate facts, as well as applications of law to fact, or opinions about either. Fed. R. Civ. P. 36; see also In re Carney, 258 F.3d 415, 419 (5th Cir. 2001). The scope of Rule 36 "allows litigants to winnow down issues prior to trial and thus focus their energy and resources on disputed matters." In re Carney, 258 F.3d at 419. However, Rule 36 does not provide for requests for admission regarding pure legal conclusions. Id. (citing Playboy Enterprises, Inc. v. Welles, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999) ("Requests for admissions cannot be used to compel an admission of a conclusion of law.")).

In responding to requests for admission, a party must "specifically deny [them] or state in detail why the answering party cannot truthfully admit or deny." Fed. R.

Civ. P. 36(a)(4). "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Id. "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Id.

> RFA 1 states:
>
> Please admit that there was a surveillance camera located directly above, and within 12 feet of the physical altercation that occurred inside of the B-12 Housing unit at USP-Pollock (USP-P) on January 13, 2017.
>
> Response to RFA 1 states:
>
> Denied. Any camera that is against a wall captures images away from the wall.

(Doc. 199-1, p. 2).

> RFA 2 states:
>
> Please admit that video footage of the altercation mentioned in the above Request for Admission (RFA) #1, which has been provided to the plaintiff, was not a copy of footage of the incident, taken from the video camera closest to the altercation.
>
> Response to RFA 2 states:
>
> Denied. The only camera that captured the incident was camera 156.

(Doc. 199-1, p. 3).

RFA 4 states:

Please admit that more than one surveillance camera located inside of the B-2 housing on 1-13-17, captured the physical altercation that occurred there.

Response to RFA 4 states:

Denied. The only camera that captured the incident was camera 156. See response to Request 2.

(Doc. 199-1, p. 3).

Duncan argues that the responses were inaccurately denied, and the answers are nonresponsive. As to RFA 1, Duncan claims "[t]he surveillance camera at issue was located on the ceiling," not the wall. (Doc. 199). Defendants have denied this assertion. (Doc. 199-1, p. 2). As to RFA 2 and RFA 4, Duncan claims that another camera was closest to the altercation and recorded the incident. (Doc. 199, p. 1). Defendants also denied this assertion. (Doc. 199-1, p. 3).

Although Duncan indicates that Defendants answers are false, the Court instructed Duncan at a discovery hearing on June 7, 2019 that the proper way to challenge the veracity of Defendants' denials is by providing contradictory testimony and evidence at trial, not through a motion regarding the RFA responses. (Doc. 157). As set forth in Federal Practice & Procedure, "[i]f a responding party files a response that contains the proper detail, . . . the propounding party may not challenge the denial on the ground that it is unsupported by the evidence." 8B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, & Richard L. Marcus, § 2263 (3d ed. 2012). Similarly, a motion under Rule 36 "does not provide a vehicle to either establish disputed facts or strike qualifications on a response." Dowdy v. Coleman Co., Inc.,

4

1:11-CV-00045, 2012 WL 5450039, at *1 (D. Utah Nov. 7, 2012); U.S. v. Operation Rescue Nat'l., 111 F. Supp. 2d 948, 968 (S.D. Ohio 1999); Cont'l Cas. Co. v. Brummel, 112 F.R.D. 77, 81 (D. Colo. 1986). "'[R]equests for admission are not designed to obtain discovery of the existence of facts, but rather are intended to establish the admission of facts about which there is no real dispute.'" Henry v. Chase Home Fin., LLC, 11-CV-0668, 2013 WL 391160, at *5 (S.D. Tex. Jan. 30, 2013) (citing Stockdale v. Stockdale, 2009 WL 5217001, at *2 (E.D. Mo. Dec.30, 2009)).

Next, Duncan argues that Defendants' response to RFA 6 is "improper" and the response "evasive." (Doc. 199, p. 2). Duncan maintains that Defendants' answer is false. (Doc. 199, p. 2).

> RFA 6 states:
>
> Please admit that there is no written documentation or records detailing who was responsible for cleaning blood from the floor of the R&D area of USP-P on 1-13-17.
>
> Response to RFA 6 states:
>
> Objection. This request is vague and fails to provide defendants sufficient information regarding where any supposed blood spillage would be. Subject to the objection, to the extent Plaintiff refers to blood spillage where he was supposedly "dumped" in R&D, Admit.

Defendants' response fairly responds to the substance of the request. As required by Rule 36, Defendants qualified their answer and ultimately admitted the request subject to their objection. Fed. R. Civ. P. 36(a)(4).

Finally, Duncan challenges RFA 12-14 and RFA 19.

> RFA 12 states:
>
> Please admit that the attached document marked as Exhibit A, falsely details that the photo was taken in the Lt.'s Office.
>
> Response to RFA 12 states:
>
> Objection. This request infers intentional falsification of documentation. Defendants admit that the photo is one of Plaintiff and that it was taken by M. Lange, Senior Officer. Defendants deny there is any purposeful falsification of documentation. Subject to the objection, Defendants do not have sufficient information to admit or deny this request as they did not take the picture.

(Doc. 199-1, p. 4).

> RFA 13 states:
>
> Please admit that Exhibit A, falsely represents the time of the photograph was 10:05 am.
>
> Response to RFA 13 states:
>
> Objection. This request infers intentional falsification of documentation. Defendants admit that the photo is one of Plaintiff and that it was taken by M. Lange, Senior Officer. Defendants deny there is any purposeful falsification of documentation. Subject to the objection,[2]

(Doc. 188-1, p. 4).

> RFA 14 states:
>
> Pleases admit that the photograph depicted in Exhibit A was not taken in the Lt's Office or the B-2 Housing Unit.
>
> Response to RFA 14 states:
>
> Defendants do not have sufficient [sic] to admit or deny this request as they did not take the picture.

(Doc. 199-1, p. 4).

---

[2] Defendants' response ends midsentence.

6

Defendants claim that they cannot admit or deny the allegations because they did not take the photograph. Under Rule 36, the answering party may assert lack of knowledge or information as a reason for failing to admit or deny "only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. Rule 36. Defendants do not establish they have made a reasonable inquiry into RFA 12-14, who took the photo at issue, or attempted to contact the photographer. Moreover, Defendants do not state whether, subject to the objection, they admit or deny RFA 13. Thus, the responses are inadequate.

Finally, Duncan argues that Defendants' response to RFA 19 is improper, and the response is evasive. (Doc. 199).

RFA 19 states:

Please admit that a BOP employee cleaned up blood from the floor of the R&D area of USP-P on 1-13-17.

Response to RFA 19 states:

Objection. This request is vague and fails to provide defendants sufficient information regarding where any supposed blood spillage would be. Subject to the objection, to the extent Plaintiff refers to blood spillage where he was supposedly "dumped" in R&D, this request for admission is denied.

(Doc. 199-1, p. 5).

According to Duncan, documents indicate that no inmate cleaned up the blood, implying that an employee must have. (Doc. 199). However, subject to the objection, Defendants deny the RFA. If Duncan challenges the legitimacy of the response, he can rebut Defendants claims with evidence or testimony at trial. See, e.g., Henry,

7

2013 WL 391160, at *5; 2012 WL 5450039, at *1; Nat'l Semiconductor Corp. v. Ramtron Int'l Corp., 265 F.Supp. 2d 71, 74 (D.D.C. 2003) (validity of a qualified answer to a request for admission must await the trial); 7 Moore's Federal Practice, § 36.12 (2019) ("A motion to determine the sufficiency of a response to a request for admission is not to be used as an attempt to litigate the accuracy of a response. Rule 36 does not authorize the court to make determinations on the accuracy of responses before trial.").

### III. Conclusion

Because Defendants' responses to RFA 12-14 are deficient, Duncan's Motion to Determine Sufficiency of Defendants' Answers to Plaintiff's Fourth Request for Admissions (Doc. 188) is GRANTED IN PART and DENIED IN PART.

IT IS ORDERED that, within 14 days of the date of this Order, Defendants shall supplement their responses to RFA 12-14 of the fourth set of RFA to certify that a reasonable inquiry has, in fact, been made in accordance with Rule 36(a)(4) of the Federal Rules of Civil Procedure and to admit or deny each RFA. If a reasonable inquiry has not been made, Defendants must make that inquiry and supplement the RFA responses within the same time frame.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 7th day of November 2019.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE