UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARCO DAMON DUNCAN,<br>Plaintiff | CIVIL DOCKET NO. 1:17-CV-1623-P |
| VERSUS | JUDGE DRELL |
| JOSE NUNEZ, *ET AL.*,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Third Motion to Compel Responses to Discovery Requests (Doc. 189) and a Supplement to Third Motion to Compel Responses to Discovery Requests (Doc. 196) filed by *pro se* Plaintiff Marco Damon Duncan ("Duncan") (#37679-048). Duncan is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the United States Penitentiary in Florence, Colorado.

Because Defendants should supplement certain discovery responses, the Third Motion to Compel Responses to Discovery Requests (Doc. 189) will be GRANTED IN PART and DENIED IN PART, and the Supplement to the Third Motion to Compel Discovery Requests (Doc. 196) will be DENIED.

I. Background

Duncan initiated this litigation pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1] (Docs. 1, 16, 20) alleging that he was subjected to

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

excessive force when he was incarcerated at the United States Penitentiary in Pollock, Louisiana.

Duncan initially alleged that did not receive responses to Interrogatories and Requests for Production of Documents ("RFP") propounded on May 13, July 15, and July 25, 2019. (Doc. 189). Duncan alleges that Defendants submitted untimely responses to the requests and untimely objections to RFP 2, 5, 8, 10, 12, 14, and 17, and provided improper or incomplete responses to RFP 6 and 11. (Doc. 243).

Defendants maintain that they timely responded to the Fourth RFP. (Doc. 219). Defendants state that they "responded to an inquiry similar to the Plaintiff's Interrogatory dated July 14, 2019, in which Plaintiff continues to ask the same questions as to John Doe, and, thus, assumed that the interrogatory dated July 14, 2019, had been answered." (Doc. 219). Defendants indicate that they have since responded to the inquiry. (Doc. 219). Finally, Defendants admit overlooking the Third RFP until September 30, 2019. (Doc. 219).

II. Law and Analysis

A. The untimely objections will not be waived.

Although Federal Rule of Civil Procedure 33(b) states that objections not served within 30 days after the service of the interrogatories shall be deemed waived, the Rule gives the district court discretion to excuse the untimeliness for good cause. See Solorzano v. Shell Chem Co., 254 F.3d 1082 (5th Cir. 2001) (citing Fed. R. Civ. P. 33(b)(3), (4)). Defendants have admitted an oversight and have remedied the oversight by submitting the responses. (Doc. 219). There have been countless

motions filed in this case and a substantial amount of discovery requests. The untimely objections at issue will not be deemed waived. However, it is possible that future untimely responses may be deemed waived.

> B. **Duncan's Third Motion to Compel (Doc. 189) will be granted in part and denied in part.**

Duncan's Third Motion to Compel (Doc. 189) seeks an order for Defendants to provide additional information in response to Duncan's Third Request for Production of Documents.

> RFP 2 states:
>
> Please produce copies of trial transcript from each BOP employee that testified at the plaintiff's criminal trial, including but not limited to the trial testimony of Durrell Cottongin, Eric Farmer, Remington Steedley, or Joshua Michel.
>
> Response to RFP 2 states:
>
> Objection. Plaintiff's ability to obtain the information is similar to that of defendants. Further, the request places a burden or expense on defendants that outweighs its likely benefit. Transcripts may be requested from the court reporter for the trial.

(Doc. 243-1, p. 1). Duncan alleges that the transcripts are in Defendants' possession. In its response to RFP 2, Defendants do not state whether they have the transcripts in their possession. If Defendants or Defendants' counsel have the transcripts in their possession, they shall provide copies to Duncan. Defendants are not, however, required to order and pay for the transcript on Duncan's behalf. See e.g., Conner v. Louisiana Dep't of Health & Hosps., 02-CV-284, 2008 WL 5211003, at *2 (M.D. La. Dec. 9, 2008) ("The court is not going to compel DHH to produce records [transcript of worker's compensation hearing] that it does not have.").

RFP 5 states:

> Please produce for inspection any Vicon Net Kollector hard-drives containing video footage from USP-P on 1-13-17, including the requisite Vicon Net Software for viewing the archived videos.

Response to RFP 5 states:

> Objection. This request is not proportional to the needs of the case–a case contending excessive force was used against Plaintiff in the R&D area of USP Pollock. Further, the request is of low importance to resolving the facts at issue in the case. Notwithstanding the objection, all video relevant footage from the incident on was downloaded to a CD and has been provided to Plaintiff for viewing.

(Doc. 243-1, p. 2). Despite Defendants' assertion that all relevant footage was provided, Duncan maintains that it was not. Duncan does not specify what footage he believes is missing.

Similarly, Duncan argues that Defendants provided improper or incomplete responses to RFP 6, which states:

> Please produce any and all records, including but not limited to computer activity logs, video surveillance maintenance logs, and documents that detail what surveillance footage from 1-13-2017, was transferred from Kollector hard-drives to the computer towner [sic] in the SIS Office at USP-P.

Response to RFP 6:

> The evidence log sheets detail the information pulled from the camera system. These documents have been previously provided.

(Doc. 243-1, p. 2). Duncan alleges that "all relevant evidence logs have not been produced." However, Duncan does not identify which logs he believes are missing. Defendants maintain that the documents were provided. Without more, the Court can provide no relief.

4

RFP 8 states:

Please produce copies of any "Post Orders" and specific instructions in place at USP-P on 1-13-2017, regarding the use of O.C. aerosol spray dispensers and decontamination procedures.

Response to RFP 8 states:

Objection. This request is not proportional to the needs of the case–a case contending excessive force was used against Plaintiff in the R&D area of USP Pollock. Further, the request is of low importance to resolving the facts at issue in the case.

Duncan maintains RFP 8 is relevant because the orders detail the institutional procedures for conducting "O.C. spray decontaminations," which Duncan claims were not followed in his case.

Rule 26(b)(1) specifies that discovery must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Defendants do not provide any evidence or explanation as to the burden the request places on them. Because the documents are in Defendants' custody, are inaccessible by Duncan, and Defendants have not made the showing necessary to demonstrate that the request is indeed overly burdensome, the documents must be produced. See Heller v. City of Dallas, 303 F.R.D. 466, 490 (N.D. Tex. 2014) ("A party resisting discovery must show specifically how each

interrogatory or document request is overly broad, unduly burdensome, or oppressive . . . .").

RFP 10 states:

Please produce copies of any and all inmate grievances for 3 years prior to 1-13-17, that were against any named defendant, involving misconduct complaints similar to those alleged by the plaintiff, including medical complaints.

Response to RFP 10 states:

Objection. This request is not proportional to the needs of the case–a case contending excessive force was used against Plaintiff in the R&D area of USP Pollock. Further, the request is of low importance to resolving the facts at issue in the case. Notwithstanding the objection, grievances are maintained by Remedy Number which is generated electronically when an inmate files a grievance. Inmate grievances are not maintained by complaint of staff member names.

(Doc. 219-3, p. 3).

Duncan previously requested "any and all grievances, complaints, investigative records or materials concerning staff misconduct or use of force against inmates in the R&D area of USP Pollock between January 13, 2013, and Jan. 13, 2017." (Doc. 120-2, p. 2). Defendants objected on the grounds that the request was overly broad and some of the materials were covered under the Privacy Act. (Doc. 120-2, p. 2). Defendants were ordered to supplement their response by July 29, 2019. (Doc. 164). Therefore, the current request is somewhat repetitive. However, to the extent Defendants have had grievances brought against them for "misconduct complaints similar to those alleged by the plaintiff, including medical complaints," Defendants shall supplement their response to RFP 10 with the relevant documentation not barred by the Privacy Act.

RFP 11 states:

Please produce copies of any misconduct records or impeachment materials for each BOP employee who will testify as a defense witness.

Response to RFP 11 states:

This request is overly broad. The material requested is covered under the Privacy Act and will be subject to a protective order. In accordance with FRCP 34(b)(2)(C), these materials are being withheld.

(Doc. 219-3, p. 3). First, Defendants are not required to determine what evidence might be used to impeach its witnesses at trial. Moreover, Duncan previously requested "any and all grievances, complaints, investigative records or materials concerning staff misconduct whether formal or informal, official or unofficial, including inmate grievances, complaints or appeals." (Doc. 120-2, p. 2). Defendants were ordered to respond to the request by July 29, 2019. (Doc. 164). Therefore, RFP 11 is duplicative.

RFP 12 states:

Please produce a to-scale drawing, map or diagram showing the path from the B-2 housing unit, through the secured corridor and to the R&D area of USP-P.

Response to RFP 12 states:

Objection. Defendants have no ability to produce a to-scale drawing, map or diagram. Further, due to security concerns, inmates are not provided diagrams, drawing, or maps of the prison as this information could lead to an escape. Finally, the information sought by the request is not proportional to the needs of the case. The information request is of low importance to resolving the fact at issue in the case–a case contending excessive force was used against Plaintiff in the R&D area of USP Pollock. This request is not relevant to any claim or defense of any party.

The Court finds Defendants' objection meritorious. Duncan may provide the trier of fact with a drawing of his own and may question witnesses at trial regarding the layout of the housing unit and R&D area. Moreover, there is no requirement that Defendants to create drawings or exhibits on Duncan's behalf.

> RFP 14 states:
>
> Please produce copies of personnel photos for each BOP employee who was present in the R&D area on the morning or 1-13-17.
>
> Response to RFP 14 states:
>
> Objection: The information sought by the request is not proportional to the needs of the case. The information request is of low importance to resolving the fact at issue in the case–a case contending excessive force was used against Plaintiff in the R&D area of USP Pollock. Further the request places an undue burden on defendants that outweighs its benefit. The request is unreasonable as defendants do not have knowledge of each BOP employee that entered the R&D area on 1-13-17. Further, because FCC Pollock uses a complex-wide roster, to comply with this request, defendants would be required to inquire of each staff member at FCC Pollock to determine if they were in R&D on the above date at any time.

(Doc. 243-1, p. 4). Duncan previously requested these photographs in a Motion (Doc. 144), which was denied. (Doc. 164). Alternatively, Defendants were ordered to inquire as to "whether anyone matches the most recent description of 'John Doe': 5'7" tall; 180 pounds; white; male; middle-aged; possibly wears glasses," and to certify the inquiry and results to Duncan on or before July 29, 2019. (Doc. 164 p. 3). At the Court's hearing on July 8, 2019, the Court authorized Duncan to submit one additional interrogatory regarding the identification of "John Doe." Therefore, RFP 14 is duplicative and has been addressed.

### C. Duncan's Supplement to Third Motion to Compel (Doc. 196) will be denied.

Duncan's Supplement to Third Motion to Compel (Doc. 196) addresses Defendants' responses to RFP 1, 2, and 4 of Duncan's Fourth Request for Production of Documents. Defendants' Response (Doc. 220) asks the Court to strike Duncan's Motion.

> RFP 1 states:
>
> Please produce any and all documents/records that evidence the name and register number of any B-2 Housing Unit Orderly at USP-P on 1-13-2017 whom was trained by Health Services Staff, to use a Blood Spill Kit, as stated by defendant Nunez in his Interrogatory Supplemental Response Number six (6).
>
> Response to RFP 1 states:
>
> There was no trained orderly to clean blood spills assigned to housing unit B-2 on 1-13-17.
>
> RFP 2 states:
>
> Please produce an original copy of the long version video depicting the physical altercation that occurred in the B-2 housing unit on January 13, 2017. Please produce the original copy in a form which does not display the metadata on the video screen in a manner that significantly obscured the video footage.
>
> Response to RFP 2 states:
>
> A copy of the video of the incident in the B-2 housing unit on January 13, 2017, has been provided for your review. Defendants are not aware of a copy of the video which does not have the time and date information overlay.

(Doc. 196, pp. 1-2). Duncan claims that Defendants' response to RFP 1 is "patently false." As the Court has advised and instructed Duncan, a disagreement with the veracity of the Defendants' response is an issue of fact for trial. Although Duncan

disputes Defendants' response to RFP 2, Defendants certify that they conducted a reasonable investigation. (Doc. 196-2, p. 1).

RFP 4 states:

Please produce copies of any and all documents, reports, logs, or records that contain the full name and title of any BOP employee who was present at USP-P at 10:00 am on 1-13-17, who's name does not appear on 1-13-17 Daily Assignment Roster.

Response to RFP 4 states:

Objection. This request is unduly burdensome and not proportional to the responding party's resources. USP Pollock has several hundred staff. Correctional Service staff represent the majority of the staff. Defendants provided Plaintiff with a roster of correctional services staff as those staff would be the primary staff responsible for providing custody-related services such as those in this case. Defendants would be required to go through each individual noncustody USP Pollock staff member's Time and Attendance record to determine if they were working on 1-13-17. Further, some staff members in shared services such as Facilities access all institutions at the Federal Correctional Complex in Pollock, LA (USP Pollock, FCI Pollock, and Federal Prison Camp Pollock). Thus, defendants would be required to check the time and attendance record of each USP Pollock noncustody staff member as well as FCC Pollock shared-services-department staff members to determine if staff worked on 1-13-17, and subsequently individually ask each staff member that worked if they were at USP Pollock around the time Plaintiff alleges the incident occurred. This would be exceedingly burdensome for defendants.

(Doc. 196-2, p. 2). A party resisting discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. See Sw. Insulation, Inc. v. Gen. Insulation Co., 4:15-CV-601, 2016 WL 9244822, at *3 (N.D. Tex. Apr. 25, 2016); Merrill v. Waffle House, Inc., 227 F.R.D. 475, 477 (N.D. Tex. 2005); see also S.E.C. v. Brady, 238 F.R.D. 429, 437 (N.D. Tex. 2006) ("A party asserting undue burden

typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request.").

The Court assumes RFP 4 relates to Duncan's attempts to identify the "John Doe" officer. Although Defendants do not provide an affidavit, the discovery response details the substantial burden the request places upon them. (Doc, 196-2, p. 2). At the July 8, 2019 hearing on discovery motions, Duncan was authorized to submit one additional interrogatory regarding the identification of "John Doe." RFD 4 is overly broad and not outweighed by the likely benefit, especially given that there is a disagreement about whether there is a "John Doe" at all.

### III. Conclusion

Because Defendants should supplement certain discovery responses, IT IS ORDERED that the Third Motion to Compel Responses to Discovery Requests (Doc. 189) is GRANTED IN PART and DENIED IN PART. Within 21 days of the date of this Order, Defendants SHALL provide the documents requested in RFP 2—if they are in Defendants' possession; the documents requested in RFP 8; and the documents requested in RFP 10, to the extent the information is not barred by the Privacy Act. IT IS FURTHER ORDERED that Duncan's Supplement to Third Motion to Compel (Doc. 196) is DENIED.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 7th day of November 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE