UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARCO DAMON DUNCAN, Plaintiff | CIVIL DOCKET NO. 1:17-CV-1623-P |
| VERSUS | JUDGE DRELL |
| JOSE NUNEZ, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Motion for Contempt (Doc. 186) filed by *pro se* Plaintiff Marco Damon Duncan ("Duncan") (#37679-048). Duncan is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the United States Penitentiary in Florence, Colorado.

Because Defendants have produced the supplemental discovery responses ordered by the Court, Duncan's Motion for Contempt (Doc. 186) is DENIED.

I. Background

Duncan initiated this litigation pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1] (Docs. 1, 16, 20) alleging that he was subjected to excessive force when he was incarcerated at the United States Penitentiary in Pollock, Louisiana.

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

Duncan previously filed a Motion to Compel Discovery (Doc. 120) arguing Defendants failed to respond to Duncan's Second Request for Production of Documents. Duncan's motion also asserted Defendants had not produced all available video surveillance footage in their possession. (Doc. 120, p. 2). On July 8, 2019, the Court denied in part and granted in part Duncan's Motion to Compel Discovery (Doc. 120). (Doc. 164). Defendants were ordered to "supplement their responses to document request numbers 4, 5, 6, 7, 9, and 10, or certify that no responsive documents exist, on or before July 29, 2019." (Doc. 164).

Duncan now seeks to hold Defendants in contempt of this Court's Order (Doc. 164) for failing to produce the CD referenced in Defendants' Supplemental Response Number 4, for failing to provide complete records in relation to Supplemental Response Number 5, and for "ignoring" the "videotapes and documents aspect of the Request for Production, to which the Court ordered a certified response." (Doc. 186). Duncan attaches Defendants' Supplemental Response to Plaintiffs' Second Request for Production of Documents (Doc. 186-3, p. 1) and Chain of Custody Forms (Doc. 186-3, pp. 4-12). Duncan contends Defendants have not provided chain of custody logs for Item Numbers POL-17-00001 through POL-17-00049. (Doc. 186-2, p. 1).

## II. Law and Analysis

Federal Rule of Civil Procedure 37(b)(2) provides that when "a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). A party commits contempt when he violates a definite and

2

specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order. Travelhost, Inc. v. Blandford, 68 F.3d 958, 961 (5th Cir. 1995).

"A movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence (1) that a court order was in effect, (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court's order." Test Masters Educational Services, Inc. v. Singh, 428 F.3d 559, 581-82 (5th Cir. 2005). The evidence must be "'so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case.'" Id. at 582 (quoting Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries, 177 F.3d 380, 383 (5th Cir. 1999)).

Here, Duncan seeks to hold Defendants in contempt of this Court's order (Doc. 164) for failing to supplement their discovery responses to Duncan's Second Request for Production of Documents. (Doc. 186). However, on July 29, 2019, Defendants issued supplemental discovery responses to Duncan in compliance with this Court's order. (Doc. 186-3, pp. 1-3). Defendants stated:

> **No. 4:** Please produce copies of any and all photographs taken by Lieutenant Stephen Coggins on January 13, 2017, that show any areas inside or around the B-2 housing unit, secured or main corridors, and outside area of the entire B housing building.
> **Response to No. 4**: Defendants will supplement with this information should it exist.
> **Supplemental Response**: A CD with these photographs is being sent to Plaintiff's counselor on July 29, 2019.
>
> **No. 5:** Please produce copies of any and all chain of custody forms.pdf associated with TF38942 and video tapes and documents stored under POL-17-0055A.

3

> <u>Response to No. 5:</u>  Defendants will supplement with this information should it exist.
> <u>Supplemental Response</u>:  All available chain of custody forms (9) are attached.

(Doc. 186-3, pp. 1-3).

In their opposition, Defendants attach "Form 586 After Action Review Report" which shows that "POL-17-0055" is the "Significant Incident" identification number for the January 13, 2017 incident involving use of force and/or restraints against Duncan. (Doc. 217-1, pp. 1-2). The report lists various attachments, including several "entered" by "TF38942." (Doc. 217-1, p. 2). Defendants assert that in response to Duncan's Request No. 5, he has been provided with nine chain of custody forms relating to Case Id. No. 17-0055 and the entire discovery in his criminal case, containing additional chain of custody forms. (Doc. 217). Defendants' supplemental discovery responses included a statement that the responses are true and correct subject to the penalty of perjury under 28 U.S.C. § 1746. (Doc. 186-3, pp. 1-2). Thus, it appears Duncan has received the requested chain of custody forms and Defendants have certified their responses in compliance with this Court's Order (Doc. 164).

The Court disregards Duncan's argument that he was not provided chain of custody logs for Item Numbers POL-17-00001 through POL-17-00049, as that is a new request that was not the subject of this Court's Order (Doc. 164). Moreover, it appears that those item numbers are unrelated to the incident involved Duncan. The record reflects that Defendants complied with the Court's Order (Doc. 164) relating to Duncan's request for chain of custody logs. (Doc. 186-3, pp. 1-3). Therefore, to the

4

extent he seeks to hold Defendants in contempt for failing to produce the requested chain of custody logs, Duncan's Motion (Doc. 186) is DENIED.

Additionally, Duncan seeks to hold Defendants in contempt for Defendants' failure to produce the CD referenced in their Supplemental Response Number 4 (Doc. 186-3, p. 1). But Duncan admits in his reply that he has now viewed the requested CD of the relevant photos. (Doc. 242). Therefore, to the extent he seeks to hold Defendants in contempt for failing to produce the CD referenced in Defendants' Supplemental Response Number 4, Duncan's motion (Doc. 186) is DENIED AS MOOT.

### III. Conclusion

Because Defendants have produced the supplemental discovery responses ordered by the Court, Duncan's Motion for Contempt (Doc. 186) is DENIED.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 12th day of November 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE