UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARCO DAMON DUNCAN, Plaintiff | CIVIL DOCKET NO. 1:17-CV-1623-P |
| VERSUS | JUDGE DRELL |
| JOSE NUNEZ, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a Motion for Reconsideration (Doc. 167) filed by *pro se* Plaintiff Marco Damon Duncan ("Duncan") (#37679-048). The Motion revisits the Court's previous ruling (Doc. 164) about personnel photos requested by Duncan. But the Motion does not principally seek "reconsideration." If it did, it would be denied because the Court correctly Duncan the production he originally sought.

Instead, the Motion effectively revises Duncan's request to make it more proportionate and reasonable. Thus reconstrued, the Motion may facilitate limited, and final, discovery regarding this issue without unnecessary briefing or correspondence. Therefore, the Court GRANTS IN PART the Motion for Reconsideration (Doc. 164) as specified below.

I.  Background

Duncan is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the United States Penitentiary in Florence, Colorado. Duncan initiated this litigation pursuant to Bivens v. Six Unknown Agents of the Federal

Bureau of Narcotics[1] (Docs. 1, 16, 20) alleging that he was subjected to excessive force when he was incarcerated at the United States Penitentiary in Pollock, Louisiana.

In this Motion (Doc. 167), Duncan seeks to view personnel photographs to identify a "John Doe" Defendant. He further asserts that Defendants are concealing the identity of John Doe. He claims that personnel records produced by Defendants – which list the correctional officers working during the incident – are somehow incomplete or inadequate.

The Government argues that Duncan's request raises security and privacy concerns. The Government also argues that Defendants have attempted to identify an officer matching Duncan's description of John Doe, and that Duncan's request is unreasonable because it may implicate hundreds of officers.

In reply, for the first time, Duncan seeks to inspect – not retain – personnel photos of only four named officers: "M. Cordova, J. McCain, C. Ore, and E. Cain." (Doc. 198, p. 2). According to Duncan, "[o]ne of these four staff members is highly likely to be the John Doe defendant in this case." (Doc. 198, p. 2). Duncan claims that photos are routinely shown to inmates during staff misconduct investigations, and that any privacy or security concerns are therefore baseless.

## II. Law and Analysis

Under Fed. R. Civ. P. 34(a)(1)(A), "[a] party may serve on any other party a request within the scope of Rule 26(b) . . . to produce and permit the requesting party

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

2

. . . to inspect . . . the following items in the responding party's possession, custody, or control . . . (A) any designated documents or electronically stored information-- including . . . photographs . . . -- stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form . . . ." A request to inspect must describe the items to be inspected with "reasonable particularity." Fed. R. Civ. P. 34(b)(1)(A); Abe's Boat Rentals, Inc. v. WAS Marine Serv., Inc., CV 16-14570 C/W, 2017 WL 6442155, at *2 (E.D. La. Nov. 9, 2017).

Until now, Duncan's request was overbroad and arguably premature. But at this point, Duncan has attempted to identify John Doe by description. Duncan has also narrowed his request to include a fixed number of identified officers. And he seems to have selected officers that may have been present during the alleged incident, and that have not otherwise been eliminated.[2] For those reasons only – and to the limited extent Duncan has narrowed his request only – relief is warranted.[3]

---

[2] Duncan is incorrect about a number of related issues, however. Production of photographs or other personnel information certainly could implicate security and privacy concerns. And there is no evidence that Defendants are intentionally withholding the identity of the John Doe Defendant. Rather, Defendants maintain that there is no John Doe, because Duncan's allegations are untrue.

[3] If past is prologue, Duncan may infer from this ruling some basis to file more motions seeking more photographs. However, given the Court's prior order limiting Duncan's filings, Duncan would have to seek leave to file any such motion. (Doc. 231). And if any such motion was found to be frivolous, Duncan would be sanctioned. (Doc. 231).

More directly, the Court cannot imagine any future scenario in which it would require the Government to produce more photographs for inspection. The Court is inclined to grant strictly limited relief for the narrow reasons stated above. But the Court will not entertain requests from Duncan to see other photographs absent compelling evidence that such an officer is, in fact, the John Doe Defendant. Duncan has exhaustively – perhaps abusively –

III. Conclusion

For the foregoing limited reasons, IT IS ORDERED that Duncan's Motion (Doc. 167) is hereby GRANTED IN PART in the following respects:

- Duncan's request is reconstrued to include a brief inspection – and not retention – of personnel photographs of identified staff members;

- thus reconstrued and limited, the request is GRANTED IN PART, and the Government is ORDERED to transmit personnel photographs (if any) of "M. Cordova, J. McCain, C. Ore, and E. Cain" to USP-Florence in Florence, Colorado, for a brief inspection by Duncan;

- if no existing personnel (or comparable) photographs exist, none need be produced by the Government for inspection;

- the Government is not obligated to take new photographs of the named officers, or to obtain photographs of the officers from sources outside its immediate custody or control;

- any photographs sent for inspection should be labeled as photographs of "M. Cordova, J. McCain, C. Ore, and E. Cain" respectively;

- the Government will arrange the inspection as follows:
  - any personnel photographs sent to USP-Florence should remain, at all times, in the possession of a facility staff member;
  - Duncan will be allowed to inspect the photographs, while under supervision, for a period of not more than 10 minutes; and

---

employed the discovery process to identify the John Doe Defendant. Any additional discovery regarding this issue would almost certainly be unduly burdensome and baseless.

- - after the inspection, photographs will be destroyed by staff members or returned to counsel for the Government, at counsel's discretion.
- if photographs exist and are therefore produced for inspection:
  - within 7 days of the inspection, the Government will file a Notice of Compliance stating that the foregoing requirements were met;
  - within 14 days of the inspection, Duncan may file a motion for leave to amend his pleadings for the sole purpose of adding or identifying the John Doe Defendant if Duncan then claims to have made an identification;
  - if Duncan does not claim to have made an identification during the inspection, no filings from Duncan will be made; and
- if no photographs exist to be produced, within 14 days of this Order, the Government will file a Notice of Compliance confirming the same;

IT IS FURTHER ORDERED that Duncan's Motion (Doc. 167) is hereby DENIED IN PART in all other respects.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 25th day of November 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE