UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **MARCO DAMON DUNCAN #37679-048** | CASE NO. 1:17-CV-01623 SEC P |
| **VERSUS** | JUDGE DRELL |
| **JOSE NUNEZ ET AL** | MAGISTRATE JUDGE PEREZ-MONTES |

## RULING

In conjunction with case preparation, Plaintiff requested the appointment of a forensic expert to examine a video in this case. (Docs. 160, 176). The Magistrate Judge denied the request by memorandum order dated January 24, 2020. (Doc. 267). For the reasons stated in the Magistrate Judge's ruling and in the Government's opposition, the ruling is correct and will not be altered. There is no showing here that such an expert will help the Court clarify the issues he seeks to elucidate.

The matter of examination of the video by an expert retained by Plaintiff is another matter. Plaintiff says his family will help to pay for the services of one Greg Stutchman, stated to be an expert who can examine the video. However, there is in this record a total absence of anything satisfying us that this is appropriate. In this case, Plaintiff certainly is free to hire an expert of his choice. That does not mean that the person hired would automatically be allowed to testify as an expert even on the merits. An expert's qualifications to testify are governed by separate rules (see FRE Rules 702, 703 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). We would consider allowing the video to be examined as Plaintiff has requested PROVIDED that Plaintiff must furnish to the Court verification directly from the expert that he indeed has the possible expertise to do as Plaintiff has suggested. In other words, Plaintiff must furnish proof of expertise FROM THE EXPERT, as well as verification from him

1

that he is willing to undertake the effort that Plaintiff claims. The expert's explanation must contain a recitation of exactly what testing he intends to do. Further, both he and Plaintiff must be willing to execute an appropriate protective order guaranteeing the confidentiality of the analysis and any commentary thereon, for review by the Court *in camera*, and without disclosure to any third party without Court authorization.

To that limited extent, the Magistrate Judge's order (Doc. 267) is MODIFIED. The appeal is otherwise DENIED and DISMISSED.

THUS DONE AND SIGNED at Alexandria, Louisiana this 18th day of May, 2020.

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT