c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARCO DAMON DUNCAN, Plaintiff | CIVIL ACTION NO. 1:17-CV-01623 |
| VERSUS | JUDGE DRELL |
| JOSE NUNEZ, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss (ECF No. 211) under Federal Rules of Civil Procedure 30, 41(b), and 37, filed by Defendants Miranda Bordelon, Durrell Cottongin, Chad Morris, Jose Nunez, and Dedrick Shavers (collectively, "Defendants"). Defendants seek dismissal or sanctions, claiming *pro se* Plaintiff Marco Damon Duncan ("Duncan") refused to answer deposition questions. ECF No. 211 at 1. Duncan opposes. ECF No. 241.

Because there is no record of unreasonable conduct by Duncan, and because the Court finds it is more appropriate that Duncan be compelled to answer Defendants' questions at a second deposition under penalty of sanctions, Defendants' Motion to Dismiss (ECF No. 211) should be DENIED.

I. **Background**

Duncan filed this lawsuit pursuant to *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*[1] (ECF Nos. 1, 16, 20, 272). Duncan alleges he was

---

[1] In *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of

subjected to excessive force when he was incarcerated at the United States Penitentiary in Pollock, Louisiana ("USP-Pollock"). ECF No. 1.

Duncan was deposed on August 13, 2019 in Florence, Colorado. ECF Nos. 211-2 at 1, 241 at 2, 241-2 at 1. Defendants now seek dismissal or alternative sanctions, arguing Duncan refused to answer questions during the deposition about a videotape depicting his attack of Officer Steedley. ECF No. 211. Defendants attach an excerpt of Duncan's deposition. ECF No. 211-2 at 1-3.

Duncan opposes. ECF No. 241. Duncan argues he objected to the introduction of the video as evidence and did not refuse to answer questions regarding the altercation. *Id.* at 2. Duncan submits in support his Declaration (ECF No. 241-1), stating that he does not have a copy of the transcript, but gave testimony regarding the altercation. ECF No. 241-1 at 1. Duncan also attaches Defendants' Notice of Deposition (ECF No. 241-2 at 1), the same deposition transcript excerpts submitted by Defendants (ECF No. 241-2 at 2-3), and a Form 586 After Action Review Report (ECF No. 241-2 at 4).

Defendants reply, attaching additional deposition transcript excerpts. ECF Nos. 257, 257-1 at 1-12.

II. <u>Law and Analysis</u>

    A. <u>Standards governing sanctions under Fed. R. Civ. P. 30, 37, and 41.</u>

Rule 30 of the Federal Rules of Civil Procedure governs "Depositions by Oral Examination" and provides that "[t]he examination and cross-examination of a

---

action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

deponent proceed as they would at trial." Fed. R. Civ. P. 30(c)(1). Fed. R. Civ. P. 30(c)(2) provides that:

> An objection at the time of the examination – whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition – must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

Fed. R. Civ. P. 30(c)(2). When "a deponent fails to answer a question asked under Rule 30 or 31[,]" the "party seeking discovery may move for an order compelling an answer[.]" Fed. R. Civ. P. 37(a)(3)(B)(i). Additionally, under Fed. R. Civ. P. 30(d)(2), "a court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).

Fed. R. Civ. P. 37(b) authorizes a court to impose sanctions, including dismissing an action, if a party fails to comply with a court's order to "be sworn or to answer a question" or "provide or permit discovery." Fed. R. Civ. P. 37(b)(1)–(2). Likewise, a court may dismiss an action on defendant's motion if "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b).

Rule 41(b) allows dismissal with prejudice "only where there is a showing of (a) a clear record of delay or contumacious conduct by the plaintiff, and (b) where lesser sanctions would not serve the best interests of justice." *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) (quoting *Morris v. Ocean Sys., Inc.*, 730 F.2d 248, 252

(5th Cir. 1984)). "Generally, where a plaintiff has failed only to comply with a few court orders or rules, we have held that the district court abused its discretion in dismissing the suit with prejudice." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 n.6 (5th Cir. 1992) (collecting cases); *see also Morgan v. Ams. Ins. Co.*, 759 F. App'x 255, 257–58 (5th Cir. 2019).

### B. Defendants fail to establish sanctions are appropriate under Fed. R. Civ. P. 30, 37, or 41.

Defendants move for dismissal under Fed. R. Civ. P. 30, 37, and 41. ECF No. 211. Defendants argue Duncan violated Fed. R. Civ. P. 30(d)(2) by refusing to answer questions because the videotape was altered. ECF No. 211-1 at 1-2. Defendants contend the deposition transcript shows Duncan had no permissible reason to refuse to answer. *Id.* at 2. Defendants assert Duncan did not indicate he was preserving a privilege, enforcing a limitation pursuant to a court order, or filing a motion to terminate or limit the deposition. *Id.* Defendants seek sanctions under Fed. R. Civ. P. 30(d)(2), including reasonable expenses and attorney's fees. ECF No. 211-1 at 2.

Defendants submit an excerpt of Duncan's deposition, with Duncan testifying as follows:

> MR. RAWLS: This is all we have.
>
> THE WITNESS: And – and – and – and it's all you have for a reason, is because they don't want you to see what actually happened.
>
> MR. RAWLS: Can we go off the record for a second?
>
> (A recess was taken from 11:01 a.m. until 11:07 a.m.)
>
> MS. WALKER: Okay. You're on the record.

MR. RAWLS: So we – we are – have --- what exhibit is this?

MS. WALKER: We haven't marked it yet.

MR. RAWLS: Government's Exhibit –

MS. WALKER: C, I think. C.

MR. RAWLS: C, which is a video of the B2 housing unit, which has a start time of 9:34:33 at 1/13 – on 1/13/17. And we've attempted to review the video with Mr. Duncan. He will not answer any of the questions, or he objects to the video, and will not answer any of our questions regarding the video.

THE WITNESS; And for – and for the record I object to the video being introduced because the video is not a accurate depiction of what actually occurred. The time on the video says 9:34:33. That is not the time that this incident occurred, and the – a large portion of the incident itself is covered by information on the video screen. I was – I was – I was a participant. I'm depicted in the video. I know what actually occurred from the video. I know what's missing from the video, and for those reasons I object to it being entered into the record.

(Mr. Synsvoll exited the room.)

(Ms. Maurello entered the room.)

MS. WALKER: That's it. Okay. Let's move on.

Are you going to object to the video of Ms. Bordelon?

5

>   THE WITNESS: No.
>
>   MS. WALKER: Okay.
>
>   (Exhibit Number C was marked for identification.)
>
>   (Videotape was played.)

ECF No. 211-2 at 1-3.

Duncan argues that his deposition notice stated he was to be deposed on Friday, June 21, 2019, that Defendants failed to show, and that Defendants showed up without notice on August 13, 2019. ECF Nos. 241 at 1, 241-2 at 1. Duncan asserts he fully cooperated in good faith and gave a detailed account of his altercation with Officers Farmer and Steedley in the housing unit. *Id.* at 1-2. Duncan submitted a Declaration attesting to same. ECF No. 241-1 at 1-2.

Duncan argues that his objection came near the end of his deposition when counsel moved to enter a video of the altercation into evidence. ECF No. 241 at 2. Duncan contends Defendants were merely dissatisfied with his explanation for his objection and Duncan maintained his objection. *Id.* Duncan further contends Defendants fail to specifically identify any specific question Duncan refused to answer. *Id.* at 2-3.

Duncan attests he was uninjured during his physical altercation with Officers Steedley and Farmer on January 13, 2017 and that he provided a detailed account of that altercation. *Id.* at 1. Duncan attests that during the deposition he was repeatedly asked in a hostile and aggressive manner what was altered about the video. *Id.* He further attests he gave a clear and complete response, stating that the

6

time displayed on the video had been altered and did not reflect the time of the incident; that there was specific frames missed from the footage; and that the overwriting obscured his altercation with Officer Steedley. *Id.* at 2.

Duncan attests that an After Action Review Report shows that the video did not have a date/time stamp overwriting on it. *Id.* Duncan also stated he was accused during the deposition of refusing to answer a non-specific question, and that he was not refusing to answer but objected to the video being placed in the record. *Id.* He further attests that counsel Rawls went off record, threatened him multiple times, and harassed him to repeatedly state what was altered in the video. *Id.* Duncan attached to his Declaration (ECF No. 241-1) an After Action Review Report (ECF No. 241-2) which shows discrepancies noted as follows: no date and time stamp on the video; Lieutenant erred on the name of munitions; background noise; and decontamination noted on memorandums and was not videotaped. ECF No. 241-2.

Here, it undisputed that Duncan appeared for his deposition. ECF Nos. 211, 241, 257. Also, the only testimony Defendants contend Duncan refused was that concerning what was altered of the videotape depicting the attack of Officer Steedley. ECF No. 211 at 1. Defendants admit Duncan gave an account of the incident, but argue the account was self-serving. ECF No. 257 at 1. Defendants argue Duncan's account is contradicted by the images in the video, contending they are prejudiced by his refusal to answer questions about the video. *Id.* Defendants' main point of contention is that Duncan refused to answer questions of how the video was altered. *Id.* at 2.

7

Defendants argue this case is factually similar to *Moon v. Newsome*, 863 F.2d 835 (11th Cir. 1989) and *Tookes v. Holliday*, 2009 WL 1159058 (W.D. La. 2009), and distinguishable from *Garrison v. Deville*, 1:17-cv-000768 (W.D. La. July 5, 2018). In *Moon*, a *pro se* prisoner prisoner's action was dismissed for his failure to pay costs assessed as a penalty for unreasonable refusal to obey the court's discovery order. 863 F.2d at 837. There, the prisoner objected to the deposition, and urged the court to deny defendants' permission to take his deposition. *Id.* The order denying Moon's objection warned that if he refused to be deposed, costs could be assessed against him or his case could be dismissed. *Id.* Moon appeared for his deposition but refused to allow questioning. *Id.* After raising unfounded objections and repeatedly interrupting defendants' lawyer, Moon abruptly walked out of his deposition without answering any questions. *Id.* The court found Moon's conduct was unreasonable and that he willfully thwarted the progress of the deposition. *Id.* The magistrate judge ordered Moon to pay costs under Rule 37 sanctions, subject to dismissal for failure to timely pay. *Id.* Moon's action was dismissed after he failed to timely submit payment. *Id.*

In *Tookes*, this Court granted a similar motion and ordered a *pro se* inmate to pay attorney's fees, expenses, and costs. 2009 WL 1159058, at *1. There, the Court ordered the deposition of the inmate and Tookes failed to cooperate in his deposition. *Id.* Tookes refused to answer any substantive questions without an attorney present, and repeated that response to all questions. *Id.* Tookes's motion to appoint counsel was denied. *Id.* In *Tookes*, this Court granted defendants' motion to compel and for

sanctions, ordering Tookes to give testimony and answer questions at a second deposition. *Id.* The order warned that failure to comply would result in sanctions, including dismissal. *Id.* After Tookes gave his deposition, but failed to pay any portion of the sanctions, the court dismissed his suit on defendants' motion. *Id.*

In *Garrison*, the inmate appeared for his deposition and answered most of defendants' substantive questions. *See Garrison*, 1:17-cv-00768 at ECF No. 28. Garrison asked for an attorney to be present before testifying to questions pertaining to the incident at issue. *Id.* In that case, there was no evidence of unreasonable or contumacious conduct by Garrison, though his reasoning was suspect. *Id.* Also, unlike in *Tookes*, the defendants in *Garrison* obtained some benefit from his deposition and Garrison was not specifically ordered to answer questions presented to him under penalty of sanctions. *Id.* This Court found Garrison's *in forma pauperis* status made monetary sanctions potentially dispositive and unwarranted at the time given his appearance and response to the defendants' substantive questions. *Id.*

Fed. R. Civ. P. 37(a) provides the appropriate procedure for compelling disclosure or discovery when a deponent fails to answer a question asked under Rule 30 or 31. Fed. R. Civ. P. 37(a); *see also Dawes v. Coughlin*, 210 F.R.D. 38, 42 (W.D.N.Y. 2002) ("Where a party physically appears for the taking of his deposition, but refuses to cooperate by testifying, the proper procedure is first to obtain an order from the court, as authorized by Rule 37(a), directing him to be sworn and to testify. This serves the purpose of impressing upon the party the seriousness of his actions and avoids a default judgment resulting from some misunderstanding on his part.").

9

Just as in *Garrison*, Duncan appeared for his deposition and answered most of Defendants' substantive questions. ECF Nos. 211, 241, 257. It is undisputed that Duncan testified in depth apart from his objections to the video of the B2 housing unit and alleged inadequate rationale for his objections. Notably, this Court recently granted Duncan leave to file his motion seeking forensic video expert inspection of the B2 housing unit videotape. ECF Nos. 306, 310; *see also* ECF No. 300. The dispute arose regarding Duncan's objection to introducing the video into evidence. Defendants claim Duncan refused to answer questions regarding how the video was altered. ECF Nos. 211-1 at 1-2, 257 at 2.

The deposition transcript shows that Duncan did answer that the video does not correspond with the time that the events actually happened and that the images do not correspond fully with everything that happened. ECF No. 257-1 at 3. Duncan explained that one of the images was "pretty much accurate" but "as the events unfold there's certain things that occurred that are not on the – on the – on the DVD." *Id.* He explained that he felt the images on the video were altered and that it was not the camera that was closest to the incident. *Id.* at 4. Duncan explained there were other angles depicting the incident. *Id.* at 4-5. Also, regarding the objectionable videotape, Duncan stated that everything that happened to him as the incident starts to unfold is covered by the numbers on the screen, the date, the unit number, and the number of the camera. *Id.* at 5. Duncan stated you would not be able to actually see what happened. *Id.* Duncan further states that the video says 9:34:33 which is not the time the incident occurred and that a large portion of the incident itself is covered by

information on the video screen. *Id.* at 12. Defendants were able to play the videotape and, it appears, continued to ask questions regarding the video, including whether Duncan had already changed clothes at the time of the image depicted. *Id.* Duncan responded "yes." *Id.*

Duncan has actively participated in discovery. Additionally, Defendants indicate Duncan's filings have been harassing and frivolous. Yet, some of Duncan's discovery motions have been fully or partially meritorious. The Court does not find that dismissing the case or prohibiting Duncan from supporting his claims with evidence are appropriate sanctions. The Court declines to award Defendants their expenses or attorney fees at this time.

Defendants also seek dismissal as a sanction under Fed. R. Civ. P. 37 and 41. ECF No. 211-1 at 3. Defendants contend Duncan failed to comply with the Court's discovery order (ECF No. 112) by refusing to answer questions at his deposition. ECF No. 211-1 at 3. Defendants argue Duncan's refusal to answer questions about the videotape was in bad faith and that he has no counsel to blame for his actions. *Id.* On May 7, 2019, the Court granted leave to take Duncan's deposition. ECF No. 112. However, nothing in that order gave notice or ordered Duncan to answer questions under the sanction of dismissal. Defendants have provided no evidence that Duncan failed to comply with the Court's order (ECF No. 112) as it is undisputed that he appeared for his deposition and answered questions. ECF No. 257 at 3.

Unlike *Tookes* and *Moon*, there was no outright refusal to answer deposition questions and there was no unwillingness to comply with the Court's order. Here,

11

like *Garrison*, Duncan should be made aware of the possibility of sanctions, including dismissal, in the event he fails to respond to Defendants' questions at a second deposition.

### III. Conclusion

Because there is no record of unreasonable conduct by Duncan, and because the Court finds it is more appropriate that Duncan be compelled to answer Defendants' questions at a second deposition under penalty of sanctions;

IT IS RECOMMENDED that Defendants' Motion to Dismiss (ECF No. 211) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Thursday, September 24, 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE